ALBANY,
Oct. 1836.

### COLTON *vs.* MOTT.

An action for the penalty given by statute against an officer who makes deliverance of property under a writ of replevin, before trying the validity of a claim of property interposed, must be brought in the names of the *persons making the claim*, if more than one person makes such claim; and it was accordingly held in this case, where a claim was interposed by two persons, that the action must be brought in the names of both, although one was a *landlord* and the other his *bailiff* in making a distress for rent, against whom a joint action of replevin was brought.

In a case of this kind, the defendant need not plead the *non-joinder* of the proper plaintiffs in abatement, but may avail himself of the objection at the trial.

THIS was an action of *debt*, brought against the defendant as sheriff of the county of Oneida, to recover the penalty of $250, given by statute against a sheriff who makes deliverance of goods taken under a writ of replevin before inquiry, when *a claim of property* is interposed, tried at the Oneida circuit in April, 1834, before the Hon. ESEK COWEN, then one of the circuit judges.

The action of replevin was commenced against *Colton*, the plaintiff in this suit, and one *Curtiss*, and the summons to appear was served on both of them. A notice was forthwith drawn up, signed by both Colton and Curtiss, in which they stated that the property taken, (specifying it,) on the plaint in replevin was *their property*, and was delivered to the deputy sheriff who had served the writ in replevin by Curtiss, who offered to pay the fees for summoning the jury and trying the claim, and at the same time told the deputy that he (Curtiss) had no interest in the property except as *bailiff* for Colton who claimed the property for rent, and that he (Curtiss) had distrained the property for Colton. Colton and Curtiss received notice of trial of the claim of property, and on the day appointed attended; a jury were assembled and evidence given, but the jury not being able to agree were discharged, and no trial was subsequently had. There was no proof in whose possession the property was at the time it was replevied. The defendant moved for a nonsuit, on the

ALBANY,
Oct. 1836.

Colton
v.
Mott.

ground that the suit could not be maintained in the name of *Colton* alone ; that *Curtiss* should have been joined as a plaintiff. The judge sustained the motion, and nonsuited the plaintiff. A motion was now made to set aside the nonsuit.

*W. Crafts & J. A. Spencer* for the plaintiff. The penalty is given to the person making the claim. Here the claim was made by a landlord and a bailiff employed by him to make a distress for rent. Within the *letter* of the statute the action might have been brought in the names of both ; but there is nothing in its spirit, meaning or design, which requires that the suit shall be brought in the names of both a principal and agent who have united in interposing a claim, especially where the agent, at the time of the putting in of the claim, disavowed all interest in the property, and explains the character in which he had acted in reference to it. The object of the statute, in giving the penalty, is, not only the punishment of the officer who neglects to try the right to the property, but to indemnify the party aggrieved for the injury which may have occurred by such neglect: and who but the landlord was the party aggrieved in this case ? It cannot be doubted that a recovery by Colton will be a bar to any further suit.

*W. C. Noyes*, contra.

*By the Court*, BRONSON, J. The *defendant* in replevin, or *any other person who may be in possession* of the goods, may interpose a claim of property ; and the sheriff is required to summon a jury and try the validity of the claim before making deliverance. 2 *R. S.* 525, § 13—18. If the officer deliver the goods to the plaintiff, contrary to the statute, he " shall forfeit *to the person making such claim*, two hundred and fifty dollars, besides being liable for all damages which *such person* may have sustained by such delivery." ( § 18.) By the former statute the forfeiture of one hundred pounds was given *to any person who should sue for the same*, and the sheriff was also answerable to *the defendant* for the trespass. 1 *R.L.* 93, § 6.

An action founded on the present statute must, I think, be brought in the name of *the person or persons making the*

*claim.* Independent of the express enactment to that effect, (2 *R. S.* 778, § 11,) there can be little doubt that the word *person* in this statute would include all the individuals who might unite in asserting a right of property in the goods. The forfeiture as well as the damages are then given *to the person or persons making the claim.* The fact of making the claim is a part of their *title* or *right to sue.* The action is not given to the defendant in replevin, nor to the person in possession of the goods, as such, but to the person making the claim. It is true that no one but the defendant or possessor has a right to arrest the delivery of the goods: but the character of defendant or possessor does not by itself give a right to the action. There must be the additional fact that the defendant or possessor claimed the property. In this case the two defendants in the replevin suit made the claim; and it was a *united* or *joint* claim. They said to the sheriff, this is " *our* property." They are the persons to whom the action is given, and I think neither of them can sue alone.

If *Colton* can sue alone, there is no reason why another action may not be brought by *Curtiss;* and thus the sheriff will be subjected to two prosecutions for one injury. This is not a case for apportioning damages on the trial. 1 *Chitty's Pl.* 53. The penalty is entire, and it cannot be recovered, half in one action and half in another. If the plaintiff cannot show a title to the whole, he must fail altogether.

It was urged on the argument that the plaintiff was in possession of the goods, and therefore he might sue alone. To this there are several answers. In the first place, possession alone gives no right to sue; and the claim of property, which is the immediate foundation of the action, was a joint claim by the plaintiff and *Curtiss.* In the next place, the plaintiff did not attempt to make out a right of action, by proving that he was *in possession* and claimed property in the goods —but on the ground that he was *the defendant* in replevin, and made the claim; and then the objection is that there were *two defendants,* and *both* claimed the property. But if exclusive possession alone would entitle the plaintiff to the action, he would still fail; for the fact of exclusive possession, or indeed of any possession in him, was not proved. The

only evidence on this point is that given by *Curtiss*, who testified to what he had told the deputy sheriff. He said he had distrained the goods for rent, as bailiff for *Colton*. A distress for rent can now only be made by the sheriff or some other public officer, who is to conduct the whole proceeding. 2 *R. S.* 501, § 3. Whatever may have been the rule at a former period, when the landlord might distrain himself, or appoint any private individual his bailiff for that purpose, goods distrained for rent are now in the custody of the laws; and the officer, not the landlord, has the legal possession. If any one could sue in this case on the ground of possession only, it would be *Curtiss*, and not the plaintiff. 7 *Cowen*, 294.

It was said that the non-joinder of *Curtiss* should have been pleaded in abatement. It is no doubt true, as a general rule, that in actions in form *ex delicto*, the omission of one of several persons who ought to join as plaintiffs can only be taken advantage of by plea in abatement, or by way of apportionment of damages on the trial. 1 *Chitty's Pl.* 53. 1 *Johns. R.* 472. 6 *id.* 108. 8 *id.* 151. But there is, I think, an obvious distinction between the common law actions of trespass and trover, for injuries to the property of tenants in common, and this penal action founded on a statute. The question here goes to the plaintiff's *title*. He has no right other than such as has been conferred upon him by the statute, and that right must be established on trial. He must prove that he was in a condition to claim property in the goods, and that the claim was actually made; until this appears, no right of action is established. In this case the plaintiff did not show an individual, but a joint claim. He established a joint, and not a several right. In some actions, tenants in common cannot join; in others, where they may and ought to unite, if the defendant omits to plead in abatement, he may still claim an apportionment of damages on the trial, so that the party suing will recover no more than his just share or proportion; but here the plaintiff must recover the whole penalty, or nothing. The penalty is entire, and the plaintiff cannot recover half of it, and leave the other half for the person who united with him in the claim. In short, the plaintiff made out no title. The right of action was in him

*and another*—not in him alone. If the words of the statute had been in the plural number, giving the action in terms to the *persons* making the claim, it would hardly be contended that the plaintiff could sue alone; and yet such, beyond all doubt, is the legal effect of the provision. Where the claim is made by *two*, the action is given to *both*; and neither of them by himself answers the description, or can make out a title.

New trial denied.