## Thorndike *v.* Norris.

A disclaimer is not a good plea in a proceeding under the statute relating to tenants. A plea, setting forth a title in a third person, under whom the tenant claims, is in such case a good plea in bar. A tenant is not permitted to deny the title of the landlord from whom he has received possession.

A quitclaim deed may operate to convey a mortgage interest, or to discharge it, as may best effect the objects of the parties.

A party who has conveyed land, with warranty of title, is estopped to deny the title he has assumed to convey, or to set up the title of a third person to the land.

THIS action was commenced August 8, 1850, to recover two parcels of land, under the statutes relative to the action against

Thorndike *v.* Norris.

tenants, before a justice of the peace. The defendant, as to the first tract, pleaded, first, a disclaimer; secondly, not guilty. As to the second tract, he pleaded, first, a disclaimer as to twelve undivided fifteenth parts; secondly, as to two other fifteenth parts, that, on 1st January, 1849, one M. N. was, has been since, and still is, seized and possessed thereof, as of fee and right, and being so possessed thereof, on said 1st of January, demised the same to the said defendant, to hold at the will of said M. N., by reason and virtue of which demise the defendant then and there entered, and was, ever since has been, and still is, possessed of said land, and this, &c. Whereupon, &c. Third, by a plea in the same form as the second, as to one fifteenth part leased to him by M. L. N. & B. W. N. Upon the filing of said pleas, no further proceedings were had before the justice, and the action was entered in the court of common pleas.

The parties now agree that the defendant executed a note and mortgage of the demanded premises and of other lands, to J. B. Walker, who afterwards indorsed the note in blank, and transferred and delivered it to the Merrimack County Bank. The bank recovered a conditional judgment against the defendant, and took out a writ of possession, and entered into possession of the part of the mortgaged premises now demanded, for the purpose of foreclosing the mortgage, on the 27th July, 1849, and executed a lease of the same premises to the defendant for a year, which he accepted, and agreed to hold the premises as tenant to the bank.

At the time the writ of possession was issued, the note indorsed in blank by said Walker, was filed in the clerk's office, where it has since remained. On the 11th of January, 1850, the plaintiff made an arrangement with the bank, and paid them the amount of the note, and they quitclaimed to him the premises, and assigned to him the lease. No formal assignment of the note or mortgage was made. The conditional judgment and execution covered all the demanded premises, but not all the premises mortgaged. March 25th, 1850, the tenant mortgaged the second tract to the plaintiff with warranty. The debt

secured by the first mortgage has not been paid, unless by the foreclosure. The last mortgaged debt is still unpaid.

If competent for the defendant to prove the fact, it is admitted that the ownership of the three fifteenth parts of the second tract was as stated in the pleas relative to that parcel; that they were leased to the defendant, as alleged in those pleas, and that he had been in possession of the demanded premises since January 1st, 1849, except as far as his possession was affected by the proceedings under the writ of possession. The plaintiff gave the defendant the statute notice to quit. It is agreed that such pleadings are to be considered filed as the court have power to authorize; and that the action be disposed of as the law requires upon these facts.

*Pierce & Minot,* for the plaintiff.

*Norris* and *Bellows,* for the defendants.

BELL, J. The pleadings in this case are framed upon the usual forms of pleadings in real actions. To judge of their propriety in the statute proceedings against tenants, it is necessary shortly to consider the nature of those proceedings. Justices of the peace have, by our constitution and laws, no jurisdiction to try any action in which the title to real estate may come in question; and under this rule it has always been held that real actions were beyond their jurisdiction. *Pritchard* v. *Atkinson,* 4 N. H. Rep. 291. The intervals between the terms of the courts of common pleas made this class of actions very inconvenient for determining the cases arising between lessors and tenants. And the statute proceeding was devised, to give a remedy in such of these cases as did not actually involve the title of real estate, before justices of the peace. They are of course not real actions, and the practical rules and forms adopted in real actions have no application to the new proceedings, because of the nature of the actions. Their fitness and sufficiency is to be determined by the ordinary test applicable to pleadings

Thorndike *v.* Norris.

in general. If they are in bar, the inquiry must be whether they set forth a state of facts which, if sustained by the proof, will constitute a defence to the action. If in abatement, do the facts alleged show that the action has been commenced or prosecuted in a manner not warranted by the law? If the necessary facts appear, the proceedings are sufficient, and are to be sustained.

The Revised Statutes, ch. 209, § 7, authorize these proceedings. "The owner or lessor of any tenement or real estate may recover possession thereof, against any lessee or occupant, holding the same without right, after a notice to quit the same, in the manner herein prescribed." "A writ of summons may be issued, returnable before a justice, which shall set forth, in substance, that the plaintiff is entitled to the possession of the demanded premises, and that the defendant is in possession of the same without right, after notice in writing to quit the same."

The pleadings in question are, first, a general disclaimer of the first tract, pleaded in abatement, and joined with the general issue, not guilty; and, second, a disclaimer of twelve fifteenth parts of the second tract, with pleas in bar, that third persons were seized of three fifteenths, and leased the same to the defendant, and that he entered and holds under these leases.

The first objection that occurs to these pleadings is, that matters in abatement—pleas, praying that the writ may be quashed—cannot thus be joined with pleas in bar.

2. A plea of disclaimer is not a plea in abatement in this action. It does not show that the action has been commenced or prosecuted in violation of any of the rules prescribed by the common law, or provided by the Revised Statutes, for the regulation of such actions. It does not suggest that the action could have been brought in any better mode. But its tendency, so far as it points to any defence, is to show that the action has no foundation, and cannot be supported on its merits. As, however, no exception can be taken to mere matters of form upon an agreed case, we may look at the plea as a plea to the merits.

3. As a plea in bar, a disclaimer is bad in this action. Three points are presented in the declaration, as required by the statute

before cited : that the defendant is in possession of the plaintiff's lands or buildings, without right, and that he had legal notice to quit. If these three points are shown, the plaintiff is entitled to recover. A plea, to be sufficient, must deny one or all of these allegations ; or it must admit them, and show facts which still authorize him to retain possession, if we could imagine such a state of facts. A disclaimer does none of these things. It does not deny the fact, either of the defendant's possession or his want of right, or the notice to quit. It rather shows the want of any reasonable excuse, or reason for keeping possession. A disclaimer in its nature approaches more nearly to a confession than to any other proceeding which occurs to us ; but it is manifestly insufficient as a confession, since it does not admit the plaintiff's cause of action, either in terms or in effect. It does not admit that the defendant is in possession, or that he has had notice to quit, as the plaintiff alleges. The disclaimers then are entirely defective.

4. The special pleas in bar set forth the title in fee of third persons in the three fifteenths, and the defendant's possession under leases from them. Regarded as pleas of non-tenure, which they resemble in form, they are bad. Real actions can be brought only against tenants of the freehold, and a plea, showing that the defendant is not a tenant of the freehold—that he is in effect a stranger to that class of titles sought to be brought in question—shows the action to be wrongly commenced, and incapable of being supported. In this action the chief point is, that the defendant is in possession without right ; and it is wholly immaterial what interest he has, or claims, or from whom it has been derived. If he has a right of possession of any kind, the allegation of the writ, that he is in possession without right, is untrue, and the regular and natural mode of pleading is to deny that fact by the general issue, under which he could at common law avail himself of any defect of the plaintiff's proof, or of title of his own. Of course it is of no consequence whether he is tenant of the freehold or not.

But the nature of the proceeding is such, that if the defendant

Thorndike *v.* Norris.

would avail himself of any question of title, it cannot be done by pleading the general issue. By section 13 of the chapter of the Revised Statutes before referred to, it is provided, that " under the general issue the defendant shall not be allowed to offer any evidence that may bring the title of the demanded premises in question." By sec. 14, " If the defendant shall plead any plea, which may bring in question the title to the demanded premises, he shall recognize," &c., and by sec. 16, " after the filing of such plea, no further proceeding shall be had before the justice, but the action may be entered and prosecuted in the court of common pleas," &c. If, then, the defendant pleads the general issue only, he is forever precluded, not only before the justice but in the court of common pleas above, upon appeal, from offering evidence that may draw the title in question. *Johnson* v. *Gould*, 3 Foster's Rep. 251. The statute, then, evidently contemplates that special pleas, raising the question of title, should be pleaded in these actions. There are but two classes of pleas which raise this question; the first are those in which the defendant claims some title or right in the premises himself, under which he justified; and the second, in which he alleges that some other person has such title or right, under whom the defendant claims rightfully to hold the property, as his tenant or servant. No objection occurs to us to one of these classes of pleas, which will not bear with equal force upon the other.

The pleadings in question set forth clearly the title of the third persons on which the defendant relies and the right he has to avail himself of that title, to maintain the possession. If the evidence supports the allegations, it will effectually negative two points of the plaintiff's declaration, namely, that which alleges that the defendant is in possession of *the plaintiff's* property, and that he is in possession *without right*. And we are, therefore of opinion that these pleas, in this view, are sufficient.

The great question of the case is, whether the defendant, under proper pleadings, can avail himself of the facts stated in the case, as a defence to any part of the plaintiff's claim. And it seems to us clear that he cannot. He accepted from the assignors

of the plaintiff a lease of the whole of these premises. He now desires to set up a title to one fifth of them in strangers, under whom he claims. This he cannot do. The rules of evidence are not changed by the statutes relative to this action, and no reasons of justice or policy occur to us which require any change. The rule is well settled that a tenant, or any person claiming under him, is precluded from objecting to the title of· the landlord from whom he has received possession, or of any party claiming under him. 1 Ph. Ev. 363, and cases there cited; 1 Greenl. Ev. §§ 24, 25; 2 do. § 305; Saund. Pl. and Ev. 464, 891, § 2; U. S. Dig. 739, &c.; *Gray* v. *Johnson*, 14 N. H. Rep. 414. The facts presented by the case suggest the inquiry, whether, within the rule last suggested, the plaintiff can be deemed the assignee of the mortgagee. But this does not seem to us a question of doubt. Two transfers are necessary to be proved : from Walker to the bank, and from the bank to the plaintiff. As to the first, it is clear that a mortgage is but an incident to the debt, and a valid assignment of the debt carries with it the security. *Southerin* v. *Mendum*, 5 N. H. Rep. 420; *Ellison* v. *Daniels*, 11 N. H. Rep. 274; *Rigney* v. *Lovejoy*, 13 N. H. Rep. 247. Here the note was indorsed, and delivered with the mortgage to the bank, and the mortgage of course passed with the note. The second transfer is thus stated : the plaintiff made an arrangement with the bank, and paid them the amount of the note, and the bank executed a quitclaim of the premises to the plaintiff, and assigned to him the lease. The nature of the arrangement made is not stated, and the design of the payment is left to inference. The arrangement might be to purchase, or to cancel the mortgage. The payment might be in discharge of the debt, or as the consideration of the purchase. But no connection is suggested between the plaintiff and the debtor, or the debt, which might render it reasonable to suppose that the debtor was paying his money in discharge of the defendant's debt. The nature of a quitclaim deed is entirely ambiguous, and it is equally effectual to pass a title, or interest like that of a mortgage, as it is to discharge an incumbrance.

We therefore may be fully warranted in inferring from the fact that the lease was assigned, that both the payment and the release were intended as steps to the purchase of the mortgage title, and not to its discharge. If the latter had been the object, the lease should have been cancelled or discharged.

The defendant is also prohibited to deny the title of the plaintiff, by the mortgage he had himself executed of the whole of these premises, with covenants of warranty. The law is well settled, that a party, who has conveyed and warranted the title of land to another, is estopped to deny the title he has thus assumed to convey. He cannot be permitted to set up a title in a third person to the property, against his own conveyance. *Wilkinson* v. *Scott,* 17 Mass. 249; *Head* v. *Hall,* 16 Pick. 457; *Nash* v. *Spofford,* 10 Met. 192; *Barker* v. *Harris,* 15 Wend. 619; *Willison* v. *Watkins,* 3 Peters 43; *Fairtitle* v. *Gilbert,* 2 D. & E. 171; *Wark* v. *Willard,* 13 N. H. Rep. 289.

*Judgment for the plaintiff.*