PARKER & TISDALE v. JOSEPH M. WIGGINS.

PARTIES—*Defect of; Pleading; Waiver.* Where there is a defect of parties apparent on the face of a petition or counterclaim, the defect must be taken advantage of by demurrer, and if not so apparent, the issue must be made by answer or reply; and if not made in these ways it is waived.

*Error from Labette District Court.*

THE principal facts in this case, and proceedings in the court below, are sufficiently stated in the opinion. The action was originally brought by *Parker & Tisdale* as plaintiffs, against three defendants—Charles W., *Joseph M.*, and John J. Wiggins, as partners. No service on either of the defendants, but *Joseph M.* appeared and answered. His answer was entitled, "Parker & Tisdale, plaintiffs, against Charles W. Wiggins, Joseph M. Wiggins, and John J. Wiggins, doing business as C. W. Wiggins & Bros., defendants," and is as follows:

[TITLE.] "And the defendant *Joseph M. Wiggins*, for answer to the petition, deny the same generally.

"II. And for a further answer he pleads payment of the various matters and charges in the petition contained and referred to in full.

"III. And for a third and further defense, and counterclaim, the said defendants say that before and at the time of the commencement of this suit the plaintiffs were indebted to the defendants in the sum of $500 for so much work, labor, and service, and so much goods, wares and merchandise sold and delivered, and bargained and sold, and so much money had and received, and so much paid, laid and expended to his use and benefit, at his request, and for boarding of agents and servants, and office-rent; which, or so much thereof as may be off-set and counterclaimed against any claim plaintiffs may establish; and he asks judgment for the balance in their favor.                    A. &. F., Defts. Attys."

The action was tried at the November Term 1871 of the district court. Verdict and judgment for "defendants" for $511.12, and costs. New trial refused, and *Parker & Tisdale* bring the case here on error.

*Thacher & Stephens,* for plaintiffs in error:

Joseph M. Wiggins alone answered the petition of the plaintiffs, and he alone was in court when plaintiffs dismissed their action. The court at the instance of said J. M. Wiggins, and against the plaintiffs' objection, retained the claim of J. M. Wiggins, in behalf of himself and the other defendants for trial. The other two defendants did not claim a judgment, nor did they in any manner appear in the action, nor does it appear whether they were served with process. Evidence was given tending to establish a demand against the plaintiffs, in favor of J. M. Wiggins *and his brothers*, but none showing that the brothers were the other parties defendant, and upon the evidence the jury rendered their verdict, finding against the plaintiffs, in favor of all the defendants. The plaintiffs now allege such proceeding and judgment to be erroneous.

1. One defendant cannot by his separate answer set up a demand for himself and others jointly, and have judgment rendered in favor of the whole of the defendants, they not appearing and not being served with process. The true criterion upon which to determine the question is, whether one of these defendants could bring an action by himself in terms, and by alleging that he was the owner of an interest in a joint demand, and without making his co-owners parties, have judgment in favor of all the owners against the debtor. It barely needs the statement of the proposition to show its fallacy. By § 26 of the code it is provided, that every action must be prosecuted in *the name* of the party in interest. By § 37 those parties who are united in interest must be joined as plaintiffs or defendants.

In this case, if the defendant answering had desired to obtain a judgment, he should have so framed his pleading as to show the reason why the other parties in interest did not join him. He, by the action of his opponent, and the order of the court, became a party plaintiff, prosecuting his demand for judgment upon a pleading which had not the essential

requisites of a cause of action, which was demurrable, and which showed no reason why he alone was prosecuting a demand admitted to belong to other parties jointly with himself, without the co-owners' consent, or without their being brought into court. Will the judgment in this action bar a recovery in an action brought by the other two defendants? If it is regularly obtained, and is not erroneous, it should. If it does not, it should be held erroneous and reversed accordingly. Clearly, the other defendants are not concluded by it. If they are, any demand for even a much larger sum, of which this judgment forms a part, is barred, for a party cannot split his demand; and the conclusion follows, that, without having had a day in court, by a judgment to which they are not parties, they are barred from asserting that a much larger sum is their due. The question was fairly brought before the court below, as to the character of defendant's pleading, by a request to give certain instructions.

2. If the court shall assume that the other defendants were served, then, as they did not answer but suffered a default, they thereby admitted themselves indebted to the plaintiffs in the amount charged in the petition, and the petition as to them for the purposes of the action, is to be taken as true. A judgment contrary to the admissions of the pleadings is erroneous. This is a proposition which will hardly be controverted. We have then in this view of the case, parties admitting themselves to be indebted to their opponent, and this admission made a matter of record, and yet a verdict and judgment in their favor for an amount even greater than is admitted due the other side.

*Ayres & Fox*, for defendant in error:

1. The allowance of the defendants to proceed in the trial of their set-off was simply a right provided by the statute: Code, §§ 397, 398.

2. The objection made to the reception of evidence was, that the counterclaim did not state facts sufficient to constitute a cause of action in favor of all the defendants. The

most that can be said is, that the set-off is not definitely stated; but this is not grounds for rejecting evidence. 3 Kas., 372. The evidence had been received without objection of a claim in favor of all the defendants, and a verdict and judgment could be had in favor of Joseph M. Wiggins only: Code, § 396. Though J. M. Wiggins only appeared, still the plaintiffs could litigate and recover for their claim against all the defendants through the one before the court. Code, 379; Gen. Stat., ch. 21, § 4. So too, in this case, if J. M. Wiggins alone could meet plaintiffs' claim against his firm, and set-off and compensate the firm-claim against them, then he could recover in the name of members of his own firm their debt and claim, under § 398 of the code.

By the ordinary rule of construction the set-off, having started by distinctly describing the parties pleading, it will not be vitiated by the after misdescription in the use of the singular number "he," for "they." 11 Barb., 186; 2 B. & P., 43. The court cannot allow bad grammar, or evident mistakes, to affect the parties' rights; Code, § 140.

In answer to the last point in plaintiffs' brief it may be suggested that after the voluntary dismissal of plaintiffs' action, and on the affirmative proceeding upon defendants' counterclaim, the original petition is out of the case; and no question can arise as to admissions by failure to deny its allegations.

The opinion of the court was delivered by

KINGMAN, C. J.: Parker & Tisdale commenced an action against Charles W. Wiggins, Joseph M. Wiggins, and John J. Wiggins, doing business under the name of C. W. Wiggins & Bros., on an account for money had and received as agents of the plaintiffs. No service is shown on any of the defendants. Joseph M. Wiggins alone answered, setting up, first, a general denial; second, payment; third, a defense that is called a counterclaim, and which appears by the evidence to have been such in favor of "C. W. Wiggins & Bros." and against the plaintiffs. This counterclaim is in its terms in

the name of the "defendants," all the time throughout using the plural number to indicate the parties setting it up. When the case was called for trial the plaintiffs, failing to get a continuance, dismissed their petition. The court at the instance of defendants retained the counterclaim for trial. Upon the trial the plaintiffs objected to the reception of evidence because the counterclaim did not state facts sufficient to constitute a cause of action; but wherein it is defective is not suggested in argument, nor is it apparent to the court. Verdict and judgment were rendered in favor of the *defendants*. After the evidence was closed the plaintiffs asked the following instruction, which was refused:

"If the jury find from the evidence that the defendant Joseph M. Wiggins had associated with him as partners in the hotel business Charles W. Wiggins and John J. Wiggins, at the time the board was furnished and services rendered charged for in the answer and counterclaim filed herein by Joseph M. Wiggins, and that they were interested in the proceeds resulting from the same, and do not find from the testimony that there had been an assignment or sale of the interest of the said Charles W. and John J. Wiggins therein to the said defendant Joseph M. Wiggins, they will then find under the issues joined herein in favor of the plaintiffs, Parker & Tisdale."

The refusal to give this instruction is the only error presented in the brief of plaintiffs in error. The third paragraph of the answer setting up the counterclaim seems to us to show upon its face that the claim therein set up is one in favor of the Wiggins Bros. The answer is by carelessness or design very awkwardly worded. It purports by its commencement to be the answer of one defendant, yet it uses the word *defendants* throughout, with its corresponding plural verb, and concludes in these words, "and *he* asks judgment for the balance in *their* favor, with costs." If we are right in thinking that the counterclaim shows a demand in favor of all the defendants, and it was plead only by one, then the defect of parties appeared upon the face of the answer, and could be taken advantage of by demurrer, and if not so taken advantage of, the defect, under the code, is waived. Code, §§ 89 and 91. Even if we err in

our construction of the pleading, the same conclusion is reached, for the defect in that view should have been taken by the reply, or it is waived. In this case the reply was filed after the petition was dismissed, so that there was ample opportunity to have raised the question by the reply, had it been desirable. Instead of availing themselves of a bar to the action on the counterclaim, provided by the code, the plaintiffs preferred to risk a hearing upon the merits, and trust to an instruction to save their case. But the court properly held that that point had been waived by neglecting to interpose it as a defense at the proper time, and in the manner pointed out by the code. Such a defense not being upon the merits, is called dilatory; and its indulgence, except at the first available opportunity, is not favored in law. This point has been decided in *Zabriskie v. Smith*, 13 N. Y., 322, and in *Merritt v. Walsh*, 32 N. Y., 689, so far as the same is applicable to a petition; and we think the same rules are applicable to a counterclaim set up by way of answer, that govern a demurrer to a petition. The code on this point may seem somewhat uncertain (§102,) as the only ground of demurrer given by the code for an answer, is that it is insufficient. But it is probable that the legislature intended that the same rules should be resorted to in determining its sufficiency, that is given for a petition, so far as such rules apply. It is certain that they apply to an answer that sets up a counterclaim, for that in its very nature bears a close resemblance to a cross action, requiring the same substantial allegations as a petition, (*Vassear v. Livingston*, 13 N. Y., 248, affirming case reported in 4 Duer, 285,) and is necessarily tested by the same rules. Judgment affirmed.

All the Justices concurring.