Seip, *Sheriff*, *&c.*, v. Tilghman.

---

## OWEN E. SEIP, *Sheriff*, *&c.*, v. WM. M. TILGHMAN.

1. REPLEVIN; *Demand, When Unnecessary.* In an action of replevin brought by a judgment debtor to recover exempt property seized by an officer under an execution, where no similar property is owned by the debtor, and no selection or separation necessary to distinguish the exempt from non-exempt property, no notice to the officer at the time of the levy that it is claimed as exempt, and no demand for the return prior to suit against the officer, are necessary.

2. PRACTICE; *Defect of Parties; Question not Reviewable.* Where two parties are joint owners of personal property, they should be united as

19 — 23 KAS.

Seip, *Sheriff, &c.*, v. Tilghman.

parties in an action to recover the possession. When such an·action is commenced by one alone, the defect of parties must be presented in the trial court by pleading, or where pleadings are unnecessary, as in cases appealed from a justice of the peace, by directly and specifically calling the attention of the court thereto, and cannot first be raised in this court on error. (*Wilson v. Fuller*, 9 Kas. 189.)

### *Error from Atchison District Court.*

REPLEVIN, brought by *Tilghman* against *Seip*, sheriff, etc., claiming that certain property levied upon by the defendant was exempt from execution. Trial at the March Term, 1876, of the district court, and judgment for plaintiff. The defendant brings the case here. The opinion. contains a sufficient statement of the facts.

*Everest & Waggener*, for plaintiff in error.

*Chas. T. Griffin*, for defendant in error.

The opinion of the court was delivered by

BREWER, J.: This was an action of replevin, brought by defendant in error, claiming that certain property levied on by the plaintiff in error, defendant below, was exempt from execution. The action was commenced before a justice of the peace, and thence appealed to the district court. Verdict and judgment were in favor of plaintiff, and defendant alleges error. The only pleading was the plaintiff's bill of particulars. The testimony is not preserved, and we have only the pleading, the answers of the jury to·special questions, the general verdict, and the judgment. Two distinct questions are presented by counsel for plaintiff in error. First, was notice that property was claimed as exempt, or a demand, necessary before suit? and second, as to the effect of a joint ownership of part of the property levied upon.

In reference to the first, it will be noticed that this is not a case in which the judgment debtor owns several articles of property of the same kind, of which he is only entitled to a certain number as exempt, as where he owns a dozen horses, only two of which can be claimed as exempt, and where it

may be that some selection or choice on the part of the debtor is necessary, for here the property was all exempt, and the debtor had no similar property. Hence there was no selection or choice to be made, no separating of a part from a whole. In such case it seems to us that no notice at the time of levy, no prior demand, is necessary. The law makes the property exempt, and the officer acts at his peril. He is a wrong-doer if he touches it, and is liable to an action of replevin the moment he takes it into his possession. (*Shoemaker v. Simpson,* 16 Kas. 43.) Hence it follows that the failure of the jury to answer questions as to notice and demand did not vitiate the verdict, or prevent the entry of judgment thereon.

As to the other question, the claim in the bill of particulars and affidavit was among other things, "for six tons, or thereabouts, of hay, of the value of $3 per ton, or $18." The general verdict was, that the plaintiff was entitled to the possession of the hay claimed, and that its value was $19.50. It further appears from the answers to special questions submitted to the jury, that the hay levied on by the officer amounted to thirteen tons, that its value was $3 a ton, and that it was owned jointly by plaintiff and his son. It would seem from these facts that plaintiff, being a joint owner with his son, brought his separate action to recover a half of the joint property. Technically, this was wrong. Both joint owners should have been united as parties. "It is clearly the rule, established under the new system as well as under the old, that properly all the owners of a chattel, whether partners or not, must join in an action to recover damages for injuries done to it, or for a wrongful taking or conversion of it, or to recover its possession." (Pomeroy on Remedies and Remedial Rights, § 223.) Yet it is also true, that if this action had been commenced in the district court, and the defect of parties had not been taken advantage of by demurrer or answer, it would have been waived. (*Parker v. Wiggins,* 10 Kas. 420; Civil Code, § 91; Comp. Laws 1879, p. 614.) And we think it is further true, that when the action is commenced before a justice of the peace, although no bill of par-

ticulars is filed on behalf of the defendant, and every defense is therefore open to him (*German v. Ritchie,* 9 Kas. 107), yet, that unless the attention of the court is specifically called to the matter of the defect of parties, the question is waived. It is not such a defect as can first be raised in this court; for it is one which can almost invariably be easily corrected by amendment. Here the matter does not appear to have been directly noticed in the district court. Indeed, it is doubtful whether it can fairly be said to be presented to our attention. The brief alleges that judgment should have been entered for defendant upon the findings of the jury, and says that "the findings of fact show that defendant in error was joint owner of the hay in controversy; *i. e.,* he owned one-half of it. The general verdict finds that he is entitled to the possession of all of it." Hence an inconsistency is claimed between the findings and verdict. This is all that notices the defect of parties.

We think under the circumstances no substantial wrong has been done to the plaintiff in error, and the judgment will be affirmed.

VALENTINE, J., concurring.

HORTON, C. J., not sitting in the case, having been of counsel in the court below.