JOHN W. CORCORAN & another, assignees, *vs.* F. M. WHITE.

Suffolk.   January 25, 1888. — March 3, 1888.

Present: MORTON, C. J., DEVENS, C. ALLEN, HOLMES, & KNOWLTON, JJ.

*Replevin — Pleading — Parties to Action — Joinder.*

A joint owner of a chattel cannot maintain replevin without joining his co-owners.

REPLEVIN of three horses by the plaintiffs, as the assignees in insolvency of George W. Davis.

At the trial in the Superior Court, before *Bacon*, J., Davis testified that the horses were bought by his order, in May or June, 1886, and were boarded at the stable of the defendant, who was a stable-keeper. They were then sold and taken from the stable of the defendant, and afterwards they were repurchased through one Bridges, who brought them back to the stable

of the defendant. On cross-examination, he testified that he furnished the money and Bridges transacted the business; that Bridges and himself shared both profits and losses; and that Bridges had no salary or fixed commission, though he denied that there was any partnership between them.

The judge instructed the jury: "The plaintiffs must show that they are either the owners, or part owners, of the property replevied. If you find that the assignees were entitled to the possession of the property by being owners or part owners, they are entitled to the verdict in their favor. If Davis was not owner or part owner, the plaintiffs cannot maintain their action. If the defendant had no title to the property, a part owner would be entitled to maintain replevin. Whether Bridges was a part owner or not in the property has nothing to do with the case, if you find Davis was a part owner. The title of Davis passes to his assignees in insolvency."

The jury found for the plaintiffs; and the defendant alleged exceptions.

*E. B. Callender & L. G. Girardin*, for the defendant.

*S. J. Thomas*, for the plaintiffs.

KNOWLTON, J. At the trial the plaintiffs rested their claim to the replevied horses solely upon their title and right of possession as assignees in insolvency of George W. Davis. There was evidence tending to show that one Bridges was a part owner of the horses, but the jury were instructed in effect that it was immaterial whether Bridges was or was not a joint owner with the plaintiffs, and that if the plaintiffs showed that they were owners or part owners of the property replevied they could recover.

In the recent case of *Fay* v. *Duggan*, 135 Mass. 242, it was held, upon a review of the authorities, that one of two or more joint owners of a chattel cannot maintain replevin for it without joining the other part owners as plaintiffs. That case is decisive of the one at bar.          *Exceptions sustained.*