GEORGE, Respondent, vs. McGOVERN, Appellant.

*November 16 — December 6, 1892.*

*Tenants in common: Action by one against common bailee: Demand.*

If an action by one of several tenants in common against the common bailee of all, to recover his share of personal property, can be maintained under sec. 4257, R. S., there must be a previous demand in writing.

APPEAL from the Superior Court of *Milwaukee* County.

The plaintiff brought an action of replevin for a quantity of oats, and the answer was a general denial and title in defendant. The evidence showed that a car load of oats was wrecked on the railway near Oak Creek station, and parties, supposing they could get the oats for a small price or gratuitously, had come to take them away, but in the mean time the plaintiff purchased them of the agent of the company for $40, and on his return to the oats, he being unable to get them away, Fowle and Mansfield were there, and the plaintiff told them if they would help him to get the oats away he would give them each an equal share of

George vs. McGovern.

them with himself. Fowle and Mansfield were to pay their proportions of the cost of the oats. They took the oats to Mansfield's barn, by the consent of all parties, which it appears had been rented to and was in the control of the defendant, who had assisted in getting the oats into the barn, with an understanding between Fowle and Mansfield and himself that for so doing he should have one third of their shares, equal to two ninths of the whole; but he had no agreement with the plaintiff about it. The oats were to be divided in a day or two afterwards, but the parties fell into a disagreement about it, and the defendant would not let the plaintiff have any of them until he could get his share.

The plaintiff testified that he wanted the oats, so he could divide them. While drawing the oats away, plaintiff told Fowle and Mansfield, after he had paid for the oats, he wanted some money, and Fowle paid him $25 for himself and Mansfield; and the plaintiff testified that the three — himself, Mansfield, and Fowle — became the owners of the oats; that he paid the $25 back to Fowle when he could not get the oats, but it does not appear that this was with the assent of Mansfield. He testified also that the oats were all his, and he wanted to get them, so as to give them their share. Fowle had got some of the oats,— something like sixty bags. Three bags that were much damaged had been divided without being taken to the barn. Plaintiff says he told them that if they did not divide the oats he would replevy them. "McGovern said to me he had no interest in or claim on my share; that he had never refused to divide the oats with Mansfield."

Fowle testified that the plaintiff had never refused to divide the oats with him. Mansfield testified that he had sold his interest in the oats. McGovern testified that he owned or claimed one third of the two thirds of Fowle and Mansfield; that the plaintiff, George, claimed them all.

Evidence was given to show that Mansfield told the plaintiff he could have his share of the oats. The plaintiff testified to making a demand on the defendant for all the oats. "I told him, I want you to unlock the barn, so I can get the oats, and give them their shares, as I agreed to."

The court directed a verdict for plaintiff, leaving to the jury only the question of the value of the oats, found at $150, and judgment was given accordingly, from which the defendant appealed.

For the appellant there was a brief signed by *J. M. Clarke*, attorney, and *W. C. Williams*, of counsel, and oral argument by *Mr. Clarke*.

For the respondent the cause was submitted on the brief of *J. E. Wildish*.

PINNEY, J. The effect of the transaction between the plaintiff, Fowle, and Mansfield was to make them tenants in common of the oats, and by consent of all the parties they were put in Mansfield's barn, rented to and in control of the defendant, who must be regarded as bailee of the oats by deposit, with a right to have, as against Mansfield and Fowle, two thirds of their shares, equal to two ninths of the whole. The general rule is that each cotenant has a right to the possession of all the property held in cotenancy, equal to the right of each of his companions in interest, and superior to that of all other persons; but the possession of a chattel cannot be recovered from a stranger in an action brought by less than all the owners of it. Freem. Coten. § 337. And a bailment made by all cannot be terminated by any less number (*Atwood v. Ernest*, 13 C. B. 889) unless, perhaps, where the property, the subject of the bailment, is severable in its nature. The defendant, *McGovern*, as to the title to the oats, or claim of title, was an utter stranger to the plaintiff, but he was the bailee of

all. The oats were divisible, and the shares in them capable of severance. Either cotenant might make division and take, if able, to his separate use, his share, so that, thus severed, it would become his sole property; and an officer with an execution against one cotenant might levy on his share, and make severance of it, and sell it. Freem. Coten. § 338; *Newton v. Howe*, 29 Wis. 535; *Kimberly v. Patchin*, 19 N. Y. 330; *Clark v. Griffith*, 24 N. Y. 595. But this would not justify the plaintiff in this case in taking and selling the entirety of the oats as his own; and, if he did, *Kimberly v. Patchin* and *Clark v. Griffith, supra*, show that he would be liable to pay the other co-owners for their shares.

At common law a part owner had no remedy to obtain possession of personal property in the custody of another part owner, although the latter repudiated the cotenancy and claimed the property in entirety. An action for partition in equity was the proper and only remedy in such a case, except where a statutory remedy has been provided, unless the plaintiff is able to make a severance of the property and take possession without resort to legal remedy. Freem. Coten. § 448. The statute of Wisconsin provides a remedy in such cases. R. S. sec. 4257, provides that, "when personal property is divisible, and owned by tenants in common, and one tenant in common shall claim and hold possession of more than his share or proportion thereof, his cotenant, after making demand *in writing*, may sue for and recover his share or the value thereof," etc. In this case it is clear that the plaintiff, without joining his co-owners, Fowle and Mansfield, could not recover the entirety of the oats; and he was not able by his own act to make severance and take into his possession his share in severalty. In general, the rule is that, where there is a want of proper joinder of a cotenant as plaintiff, the objection must be taken by plea in abatement, and that a coten-

ant may sue for his aliquot share or proportion of interest in chattels without joining his cotenant with him, subject, however, to be defeated by a plea in abatement of such nonjoinder; and, if the defendant fails to plead in abatement, the plaintiff may proceed, and have his recovery for his aliquot interest in the property, and the defendant will be confined to giving in evidence the joint ownership of the others in mitigation of damages. *Wheelwright v. Depeyster*, 1 Johns. 486; *Starnes v. Quin*, 6 Ga. 86. But in replevin it is said that "no case was recollected in which it was held that a part owner could sue for his undivided part only." Per PARSONS, C. J., in *Hart v. Fitzgerald*, 2 Mass. 511, 3 Am. Dec. 75; *Reinheimer v. Hemingway*, 35 Pa. St. 438; *Cain v. Wright*, 5 Jones (N. C.), 283, 72 Am. Dec. 551; *Rogers v. Arnold*, 12 Wend. 30; *Colton v. Mott*, 15 Wend. 619, 622; *Fay v. Duggan*, 135 Mass. 242; *Corcoran v. White*, 146 Mass. 329. The action of replevin goes upon the *right* of property, and the judgment is conclusive of it, and so is distinguishable from other actions, except detinue. The above cases show that the objection of nonjoinder need not be taken in abatement, and that it is good in bar.

In *Atwood v. Ernest*, 13 C. B. 881, MAULE, J., said: "Now, where several joint owners of a chattel deliver it to a third person, he may detain it until all the joint owners ask him to return it. If some of them ask him to return it, and others to keep it, the bailee is not liable to an action at the suit of those who so ask for a return. If that were so, each might have an action, and so the bailee might be harassed with as many actions as there were joint owners." But the statute clearly allows this result as to actions by one joint owner against another joint owner on previous demand *in writing*. The right of one joint owner to recover his share of property divisible in its nature, as against his co-owner, is made by the statute to depend upon his having made a previous demand

therefor *in writing.* There was no proof of a previous demand in writing by the plaintiff for his share, and it is clear, therefore, that he could not in this action recover his unsevered share, even if it be conceded that an action under the statute would lie for the share of either cotenant against the common bailee of all, in respect to which we give no opinion. It cannot be said, therefore, as a matter of law, that the plaintiff was entitled to a verdict. For these reasons it was error to direct a verdict in favor of the plaintiff for the entirety of the oats. The evidence tends very strongly to show that the plaintiff, Fowle, and Mansfield were co-owners. The judgment of the superior court must therefore be reversed.

*By the Court.*— The judgment of the superior court of Milwaukee county is reversed, and the cause remanded for a new trial.