## Bain v. Trixler.

[No. 2,951.    Filed March 6, 1900.]

Replevin.—*Complaint.*—*Exhibit.*—Where a complaint in an action to replevin an ironing machine alleged that plaintiff bought a laundry of defendant, including a certain ironer pointed out to him at the time of the purchase, but another machine was substituted in the bill of sale, which was not discovered by plaintiff until the machinery was delivered, it is not necessary that the bill of sale be reformed or made part of the complaint as an exhibit. *pp. 248, 249.*

EVIDENCE.—*Weight.*—*New Trial.*—An assignment in a motion for a new trial which requires the court to weigh the evidence will not be considered on appeal.   *pp. 249, 250.*

REPLEVIN.—*Joint Owners.*—*Parties.*—A joint owner of a chattel cannot maintain an action in his own name to replevin it.   *p. 250.*

From the Wells Circuit Court.   *Reversed.*

*C. W. Kinnan, J. S. Dailey, A. Simmons* and *F. C. Dailey,* for appellant.

*J. M. Sayler, N. B. Sayler, S. M. Sayler* and *E. Searles,* for appellee.

COMSTOCK, J.—In January, 1898, appellant owned and operated a steam laundry in Montpelier, Indiana, known as the "Troy Laundry." At this date he purchased another laundry in the same place known as the "Cottage." In the "Troy" there was an ironing machine known as the "Bess"; in the "Cottage" a machine for the same work known as the "Nelson & Knider." After the purchase of the Cottage, he took down the Bess machine in the Troy, and set up and used instead thereof the Nelson & Knider. Appellee, a resident of the city of Huntington, desiring to enter the laundry business, entered into negotiations with the appellant for the purchase of one of these plants, which finally resulted in the purchase of the Cottage. An itemized bill of sale of the property was executed by appellant and his partners on July 25, 1898. At a later date, upon the arrival of the machinery at Huntington, appellee refused to receive the Bess machine, claiming that he had bought the Nelson & Knider. March 5, 1898, appellee filed his complaint in the Blackford Circuit Court to replevin the Nelson & Knider. A change of venue was taken to the Wells Circuit Court, where appellee filed a second paragraph of complaint. The cause was put at issue, submitted to the court for trial, and a judgment rendered in favor of appellee that he was entitled to the possession of the Nelson & Knider machine; that it was of the value of $100.

Counsel for appellant discuss only the action of the court in overruling his demurrer for want of facts to the second paragraph of complaint and overruling appellant's motion for a new trial. Other alleged errors are therefore, under the rule, waived.

Among other averments, the paragraph in question contains the following: "That on or about the 23rd day of January, 1898, the plaintiff agreed with the defendant to purchase from him at and for the sum of $600 a certain laundry plant, laundry machine, and appliances then owned and belonging to the defendant, and located at Montpelier, Indiana, and known as the 'Cottage Steam Laundry'; that, as a part of said machinery and appliances, the defendant agreed to sell to plaintiff, and plaintiff agreed to buy, a certain ironer, which was then and there pointed out by the plaintiff and said Bain as the ironer which was to be taken by the plaintiff as a part thereof, but the name of which the plaintiff did not then know or learn until long thereafter, but which was then and there well known to the defendant as a Nelson & Knider ironer; that it was further agreed by and between the plaintiff and the defendant at said time that their said agreement should be reduced to writing, and signed by the parties thereto, and that an itemized statement should be made by the defendant, particularly setting out each and every piece and part of machinery and appliance included in said agreement of sale and purchase; that thereafter, on or about the 25th day of January, 1898, said defendant pretended to make out an itemized statement of the machinery and appliances referred to, and that he then and there did make out a list of machinery and appliances which were to be delivered to the plaintiff under said agreement of purchase, but that, instead of including therein said Nelson & Knider bosom ironer, being the one which had been pointed out and agreed upon by the plaintiff and defendant, he named in said itemized bill a Bess bosom ironer, he

then and there well knowing that the said Bess bosom ironer was not the one which the plaintiff had agreed to and did purchase from the defendant, and that the same was a greatly inferior and much less valuable machine. Plaintiff further alleges that the defendant then and there well knew that the plaintiff was in ignorance as to the name of said ironers, and that he included said inferior machine for the purpose and with the intent then and there to cheat and defraud the plaintiff."

The first objection urged to this paragraph is that it does not make the itemized bill of sale of the machinery executed by appellant to appellee a part of the complaint. The bill of sale was not the foundation of the action. It was not necessary, therefore, to make it, or a copy thereof, an exhibit.

The second objection is that it does not ask that the bill of sale be reformed. This objection is founded upon the fact that this paragraph alleges that appellee bought the Nelson & Knider machine, but that the Bess machine was listed and included in the bill of sale without his knowledge or consent, and was not discovered by him because of his ignorance of the names of the machines. As above stated, we do not regard the action as founded upon the bill of sale. Its reformation was unnecessary. There are averments, in addition to those above referred to, to make this paragraph sufficient,—averments of ownership and right to the possession of the machine of appellee, its wrongful and unlawful detention by appellant. The paragraph alleges that appellee bought one machine of appellant; that he shipped one that he did not buy, a machine which he refused to receive, and returned to him. The court did not err in holding this paragraph good.

The motion for a new trial sets out five reasons. The first reason is "the damages assessed are excessive"; second, "the assessment is erroneous, being too large." These reasons can not be considered, for to do this would require the

weighing of the evidence.    As to the third reason—"the decision is not sustained by sufficient evidence",—it is only necessary to say that there is some evidence fairly tending to show that appellee purchased the Nelson & Knider machine.

The fourth reason, "the decision of the court is contrary to law." The evidence in this cause shows that at the time of the commencement of the suit, and continuously thereafter, appellee was not the sole owner of the machine in controversy.    The joint owner of a chattel cannot maintain an action to replevin the same in his own name. *Lazard* v. *Wheeler*, 22 Cal. 139; *Corcoran* v. *White*, 146 Mass. 329, 15 N. E. 636; *Wright* v. *Bennett*, 3 Barb. 451; *Wilson* v. *Gray*, 8 Watts 25; *Collier* v. *Yearwood*, 5 Bax. (Tenn.) 581; *Seip* v. *Tilghman*, 23 Kan. 289; Cobbey on Replevin, §§429, 430; *Branch* v. *Wiseman*, 51 Ind. 1.

The case of *Schenk* v. *Long*, 67 Ind. 601, cited by appellee's counsel, is not in conflict with the foregoing decisions. It follows that the decision of the court was contrary to law. Other questions discussed by appellant's counsel may not arise upon a second trial, and therefore need not be considered here.    Judgment reversed, with instruction to the trial court to sustain appellant's motion for a new trial.