BROTHERSON
and others
v.
HODGES and
another.

———✳✳✳———

BROTHERSON and others *against* HODGES and another.

*Where there are several tenants in common, and all do not join in an action of quare clausum fregit, the defendant cannot take advantage of it, at the trial, but must plead it in abatement.*

THIS was an action of trespass, for breaking and entering the plaintiffs' close, and cutting down, taking and carrying away timber, &c.

At the trial, it appeared, that *Esther Kissam* was tenant in common with the plaintiffs, of the land on which the trespass was proved to have been committed ; and was not not joined in the action. On this ground the defendants' counsel objected to the plaintiffs' recovery.

The plaintiffs' counsel acquiescing in the opinion, that all the tenants in common must join, and the judge inclining to the same opinion, a nonsuit was granted.

A motion was made to set aside the nonsuit, which was submitted to the court without argument.

*Per Curiam.* The nonsuit must be set aside, and a new trial awarded, with costs, to abide the event. Though all the tenants in common do not join in the action of trespass *quare clausum fregit*, the defendants cannot take advantage of the omission, at the trial, or in any other way than by pleading it in abatement. This is the rule in actions for *torts*. (1 *Saund.* 251. note g. h. where the authorities are all collected.)

Rule granted.