Sewall, J.,
delivered the opinion of the Court.
It appears in the proceedings that two persons, one of them not summoned, owned and occupied the mill, the dam of which has occasioned the nuisance and damage complained of by Converse ; and therefore it is argued for Symmes, that no judgment is to be rendered on these proceedings, notwithstanding the verdict of a jury, finding the fact of damages to the complainant, and assessing the same.
The authorities all apply to the case of plaintiffs; where the title is not wholly in one, and where the right of action depends on a title, which is alleged to be in one, but is proved to be in two or more ; and it so appears by the pleadings, or in the progress of the suit. (2) The variance is in that case fatal. The one plaintiff cannot recover his * portion of the right, to [ * 379 ] which two or more are jointly entitled; because this might expose the party liable to be vexed by a multiplicity of suits.
The case of defendants is otherwise. There, if one, being sued, waives the right he has to the aid of others, alike interested with him, or liable in the same contract, this will not affect the plaintiff; and if the defendant neglects to plead in abatement, that others liable ought to be impleaded, this is a waiver of his right; and he cannot object this variance, either on the general issue, or in arrest of judgment, if the fact becomes apparent upon the record, (a)
*378 Lord Mansfield expresses this distinction in a very few words, in the case of Barnard vs. Kinworthy, cited 1 Bos. Sf Pul. 73, in noiis : “ If there are less plaintiffs than there ought to be, it goes to a nonsuit; if less defendants, it is only in abatement.”
The respondent, in the case at bar, discloses another owner and occupant of the mills, and justifies under their joint right the flowing complained of. The issue joined upon the right has been tried, and the justification is found against the respondent; and as he answered alone, and waived the right he had of making his partner a co-defendant or respondent, he comes too late with a motion in arrest of judgment.

Judgment according to the verdict.

ADDITIONAL NOTE.
[Since the statutes, in Massachusetts, authorizing amendments by change of parties, unless a defendant object at the trial to a misjoinder of plaintiffs, he is held to have waived the exception — Dodge vs. Wilkinson, 3 Metc. 292.
In Vermont, nonjoinder of plaintiffs, though ground of plea in abatement, may be taken advantage of on the trial. — Hilliker vs. Loop, 5 Verm. 116.
Nonjoinder of a dormant partner can be objected to-in neither mode. — Morton vs Webb, 7 Verm. 123.
Ejectment against several persons, occupying different rooms in the plaintiff’ building. Held, this was not a misjoinder, but each might plead severally not guilty as to his own room, and disclaim as to the rest. — Marshall vs. Wood, 5 Verm. 250.
A plea in abatement for nonjoinder of defendants, must give the plaintiff a bettei writ. — Wilson vs. Nevers, 20 Pick. 20.
If such plea allege, in an action of assumpsit, that the promise was made jointly by the defendant and others named; evidence showing that one of the persons named did not, or that another not named did join in the promise, will not sustain the plea. — Ibid.
If, upon such plea, the plaintiff amends his writ and declaration conformably thereto, and summons in the new parties, but afterwards discontinues against them; he is not thereby estopped, upon trial of the issue on the plea, to deny that such persons joined in the promise.— Ibid.
The rule, that nonjoinder of defendants must be pleaded in abatement, applies *379 where the promise was made by the defendant and one of the plaintiffs, jointly.— Palmer vs. Crosby, 1 Blackf. 139.
If one partner buys and uses goods for the benefit of the firm, though the seller is ignorant of the partnership, in a suit against the former alone, lie may plead in abatement nonjoinder of the other partners. — Alexander vs. M' Ginn, 3 Watts, 220.
A plea in abatement of nonjoinder does not admit any contract, but merely precludes any objection, a second time, for want of parties.— Witmer vs. Schlatter, 2 Rawle, 359.
It is evidence, as against the defendant, that the persons named are his partners , but they must be proved to be such in the usual way. — Ibid.
Upon such plea, the burden of proof is on the defendant__Jewett vs. Davis, C N. H. 518.
See Knight vs. Dorr, 19 Pick. 48. — Geer vs. Richmond, Sea., 6 Verm. 76. — Wright vs. Geer, 6 Verm. 151. — Ambler vs. Bradley, 6 Verm. 119.—Lyman vs Albee, 7 Verm. 508. — Vail vs. Strong, 10 Verm. 457.—Allen vs. Sewall, 2 Wend. 327 —Hoxie vs. Carr, 1 Sumn. 177. — Horton vs. Cook, 2 Watts, 40. — M’Arthur vs. Ladd, 5 Hum. 517.— Conley vs. Good, 1 Bre. 96. — Pike vs. Dashiell, 7 Har. & 9. 466.— St. Mary's, &c., vs. Wallace, 5 Halst. 311. — F. H.]

 1 Bos. & Pul. 70, Scott vs. Godwin.

 [The rules laid down by the learned judge admit of so many exceptions, as to be hardly entitled to be called general rules. First, as to plaintiffs. With respect to actions of tort, such as trespass guare clausum, or for taking goods, trover, case for malfeasance, misfeasance, or nonfeasance, and such like actions of tort, it seems clearly and fully established, that if one only, of two or more joint-tenants, parceners, tenants in common, executors, assignees of bankrupts, and others, who regularly ought to join, bring any such actions, the defendant must plead the omission in abatement, and cannot give it in evidence on the general issue, or in any other way, or by pleading in bar, or in arrest of judgment, or though the matter be found specially, or appear upon the face of the pleading of the plaintiff. — 1 Saund. 291, k, and the numerous cases there cited. — 8 Johns. 151. — 6 Johns. 108. — 1 Johns. 471. —14 Johns. 426. — And even in actions founded on contract, in some cases, also, the objection can only be taken by plea in abatement. As where the plaintiff is suing in autre droit, as executor or administrator, (1 Saund. 191, g, h. — 2 Bingh. 177,) or is a feme covert, and the objection is nonjoinder of the husband, (3 D. & E. 631,) or that the promise was made by defendant and one of the plaintiffs. — 3 Caines's Rep. 99. — And in some cases the objection cannot be taken in any way ; as where the person was a dormant copartner, (2 Taunt. 324, 325.—4 B. & A. 437. — 3 Stark. 9. — R. & M. 293,) or an infant, or feme covert, (1 Stark. 25. — 3 Esp. 76. — 1 Wils. 89;) or did not seal the deed.—2 Str. 1146. —1 Saund. 291. f. 154. n. 1.—3 B. & C. 254, 353.-6 M. & S. 75.
Secondly, as to defendants. In actions founded on contract, the nonjoinder of a co *378 contractor can generally be excepted to only by a plea in abatement.-— 1 Saund. 291, b, n. 4. — 5 D. & E. 651.—1 East, 20. — 4 D. & E. 725.-3 Camp. 50. —1 B. & A 224. But if it appear on the face of the plaintiff’s pleadings, the defendant may demur, or arrest the judgment, or bring error, though it is no ground of nonsuit. — 1 Saund. 291.— C. 154, South vs. Tanner & Al.—2 Taunt. 254. — 5 Burr. 2614.— 2 East, 313. — 2 D. & R. 439. — In actions for torts, the nonjoinder of a party who was concerned in the tort cannot, generally, be taken advantage of in any way, (1 Saund. 291, e. and g. and cases there cited. — 6 Taunt. 29, 35, 42. —2 Ch. R. 1.—6 Moore, 154.—7 Price, 408. — 3 B. & B. 54,) although it appear on the pleadings that they were wrong-doers But actions which concern real property, materially differ, in this respect, from mere personal actions of tort; for if one tenant in common only be sued in trespass, &c., for any thing respecting the land held in common, he may plead the tenancy in common in abatement. (1 Saund. 291, e. —5 D. & E. 651.)
In the case in the text, there would seem to be no propriety in admitting the excep tion to abate the process, and put the parties out of court, even if pleaded. The proceeding is not strictly according to the course of the common law, and the Court, in their discretion, might well allow a person interested, when discovered, to be made a party. — Ed.]