Parker, C. J.
We are all of opinion that the decision of the judge at the trial was correct, and that this matter ought to have been pleaded in abatement, in order to avail the defendants.
Authorities, which abundantly settle this point, are cited by Sergeant Williams in his edition of Saunders’s Reports, in a note to the case of Cabell vs. Vaughan. (1) In all cases of tort, one part owner of the property injured may maintain his action for the injury done to him, unless the defendant should take advantage of the omission by plea in abatement.
This doctrine is not confined to injuries to personal property; but the very case of trespass upon land is instanced by Williams *380 and proved by the authorities he cites. And, indeed, [ * 420 ] there is more reason for the rule in such cases than * for those which relate to personal property; because it often happens that one tenant in common may be totally ignorant of the number of his fellows, and of the place of their residence.
It has been suggested that, in the case of Converse vs. Symmes, (2) a different opinion from that which is now laid down was expressed by the court; but, upon examination of that case, no variance will appear. The person standing in the relation of defendant in that suit insisted that there was another part owner, who ought to have been joined. The judge who delivered the opinion of the Court, in order to show that this matter could not be taken advantage of by the defendant, except by plea, stated that all the authorities showed that the doctrine only applied to plaintiffs who were to be nonsuited, if it appeared that all who were interested were not joined in the suit. This observation was made in answer to some authorities relied upon by the defendant; upon consulting which, and others not then cited, it is manifest that, even in the case of plaintiffs, qn omission of one or more does not go to destroy the action without a plea in abatement, unless in actions upon contract, in which the law still seems to be that a failure to join all those who ought to be plaintiffs in the suit will cause a nonsuit, or even an arrest of the judgment, if the defect appear of record, although it be not pleaded in abatement.
Per Curiam.
Let judgment be entered according to the verdict. (a)

 I Saund. 291.

 10 Mass. Rep. 378.

 1 Chitty, Pl. 76, 7th ed. — Converse vs. Symmes, 10 Mass. Rep. 378, note.