## Case No. 2,412.

CARLOCK v. TAPPAN et al.

[Betts, C. C. MS. No. 1.]

Circuit Court, S. D. New York. 1843.

PATENTS FOR INVENTIONS—ACTION FOR INFRINGE-MENT—PLEADING—DAMAGES.

[1. In an action for damages for the infringement of a patent, the objection that another is interested in the patent jointly with the plaintiff, by virtue of an assignment, must be taken by plea in abatement.]

[2. When the jury have determined the actual damages sustained, the court will not increase them, as authorized by the fourteenth section of the patent act of 1836, except upon satisfactory proof that plaintiff is entitled to further damages by way of protection.]

[At law. Action by Carlock against Tappan & Tappan for damages for infringement of a patent. There was a verdict for plaintiff at November term, 1841; and at April term, 1842, he moved to increase the damages assessed, under Act July 4, 1836 (5 Stat. 123), which provides that whenever, in any action for the infringement of a patent, a verdict shall be rendered for the plaintiff, "it shall be in the power of the court to render judgment for any sum above the amount found by such verdict as the actual damages sustained by the plaintiff, not exceeding three times the amount thereof."] The defendants oppose the motion, and also contend that plaintiff is not entitled to judgment.

On the trial it appeared that plaintiff was patentee of a patent for shipping stocks, granted August 9, 1831. He assigned one-half the amount to Arrowsmith, May 18, 1839, and Arrowsmith reassigned to the patentee the same one-half Jan. 30, 1838. The jury, by their verdict, found the damages for violation of the patent previous to the assignment at $120, and between that and the reassignment (1838), $1,241.76, and subsequent to July, 1838, $1,600. The plaintiff claimed he was entitled to one-half of the two first sums, and treble the amount of the total. The defendant insisted that plaintiff could not recover in his separate action for his joint interest, so long as Arrowsmith was part owner, etc.

Staples & Dana, for plaintiff.
Silliman & Mitchell, for defendant.

PER CURIAM. If the defendant intended to object that another was justly interested with the plaintiff in the patent, he should have pleaded in abatement. The rule in England and this state is well settled, that a party having a common interest may sue in a separate action, and recover his individual injuries in actions of tort. 1 Johns. 471; 6 Johns. 108; 8 Johns. 151; 6 Durn. & E. [6 Term R.] 766; 7 Durn. & E. [7 Term R.] 279; 1 Chit. Pl. 76.

On the question as to the construction of the statute of 1836, increasing the damages, THE COURT ruled, that the jury had fixed the actual damages, which could only be varied by the court on satisfactory proofs that the plaintiff ought, by way of protection or smart money, to recover further damages.