No. 8.—E. Starnes and W. W. Paine, plaintiffs in error, *vs.* Calvin Quin, defendant.

[1.] One of several tenants in common, may sue separately in trover, and the defendant may plead the non-joinder in abatement; but if he fail so to plead, he cannot take advantage of it on the trial, nor by motion in arrest, but will be confined to giving in evidence the interest of the other tenants in common, in mitigation of damages. And the plaintiff may proceed to recover his proportion, or aliquot interest, in the common property.

[2.] In such a case, the other tenants in common, may afterwards sue severally, for their interest, and the defendant cannot plead the non-joinder of their co-tenants, in abatement.

[3.] One tenant in common, cannot bring trover against his co-tenant, unless in case of the destruction or sale of the property.

[4.] One of several tenants in common, sells the whole property to A : *Held*, that trover will lie for their interest in it, against the purchaser, in favor of the other tenants; that such sale is void, as to them, and does not make him a tenant in common with them.

Trover, in Telfair Superior Court. Tried before Judge Scarborough.

The plaintiffs, as attorneys at law, entered into an agreement with one W. Rogers, attorney in fact for Samuel Brinson, to sue for certain negroes, in the possession of one James Chaney, of Montgomery County, in consideration that they should receive one half of the recovery. Rogers, in settlement of the case, received of Chaney, three negroes—Harriet and two children—and sold them to the defendant, Calvin Quin. The plaintiffs brought trover against Quin, to recover the negroes; and upon these facts, the Court charged the Jury, on the trial—" That if they believed the facts proved, plaintiffs had shown title to said property, to themselves and Brinson, or defendant, as tenants in common, and they could not recover, because Brinson was not made a party plaintiff. If defendant was a tenant in common, one tenant in common could not maintain an action at Law, against his co-tenant." Which decision plaintiffs allege to be erroneous.

Rockwell, for plaintiff in error.

Starnes and Paine *vs.* Quin.

Cole, for defendant in error, cited—

*Leonard vs. Scarborough,* 2 *Kelly,* 73.   *Hall vs. Page,* 4 *Geor-
gia R.* 428.  1 *Pick.* 415.  3 *Cow.* 624.  2 *Kent,* 466.  4 *Lit.*
412.  4 *Pet.* 410.  5 *John. Ch.* 327.  7 *Bing.* 369.  21 *Wend.*
98.  *Smith on Cont.* 67.  1 *Ham.* 132.  5 *Monr.* 416.  14 *Mass.*
322.  3 *Wheat.* 204.  15 *Vesey, Jr.* 139.  1 *Toml. Law Dic.
title Champerty.* 2 *Mart. Lou. R.* 281.  3 *Louisiana R.* 160.
2 *Aiken,* 115.  4 *J. J. Marsh.* 16.  5 *B. & A.* 140.  17 *Sergt. &
Rawle,* 99.  *Brown on Actions,* 309.  6 *East,* 614.  4 *Camp.* 237.
13 *East,* 522.  2 *M. & Sel.* 397.  5 *Taunt.* 617.

*By the Court.*—Nisbet, J. delivering the opinion.

. The presiding Judge in this case, instructed the Jury, that if they believed that the evidence showed a tenancy in common, between the plaintiffs and another, that they should find for the defendant. Meaning to say, no doubt, that one of two or more tenants in common, could not maintain trover against a stranger, for the common property. He also instructed the Jury, that if they believed that the evidence showed a tenancy in common, between the plaintiffs and the defendant, that they should find for defendant. Meaning, no doubt, that one tenant in common, cannot sue his co-tenant in trover, for the common property. These decisions are excepted to. In this case, there was no plea in abatement, for non-joinder of plaintiffs. The questions were made on the trial, upon the instructions of the Court to the Jury.

Tenants in common, are not seized *per my and per tout,* but *per my* only. Their interest in the common property is several. Hence, in ejectment they must sue severally; also, in all actions which savor of the realty. *Littleton,* s. 311, 312, 313. 1 *Chitty's Pl.* 44. 4 *Kent,* 368. *Mr. Chitty* says : " In personal actions, as for a trespass or nuisance to their lands, they *may* join, because in these actions, though their estates are several, yet the damages survive to all ; and it would be unreasonable, when the damages are thus entire, to bring several actions for a single trespass. A tenant in common may, however, in general, sue separately, as in ejectment, for his undivided share, or in trespass, for the mesne profits, or in debt, for the double value, against a per-

son who has held over, after the expiration of his tenancy." 1 *Chitty's Pl.* 44.   *Bac. Ab. tit. Joint Tenants*, 72.   2 *Black.* 1077. 5 *T. R.* 246.   *Yelv.* 161.   *Cro. Jac.* 231.   2 *H. Black.* 386.   5 *Mod.* 151.   The language of the English authorities is, in personal actions, tenants in common *may* sue jointly, which seems to imply that they may sue *severally.* Indeed, *Mr. Chitty* says, that in general, they may sue separately.   The American authorities assert, very generally, that they *must* join in personal actions. At least, so says *Mr. J. Bronson*, in *Hill vs. Gibbs*, 5 *Hill's N. Y. R.* 58.   I believe, however, that no controversy can grow out of *may and must.*   The English and American authorities mean the same thing.

[1.] They both mean to say, that they may join in trover and trespass, and that there is no objection whatever to the joinder; and that they may sue severally, for their aliquot shares or proportions of interest in chattels; subject, however, to be defeated in the latter case, by a plea in abatement, for the non-joinder of their co-tenants.   And if, in the latter case, the defendant fails to plead in abatement, he cannot give the non-joinder in evidence, on the general issue, or plead it in bar, or move in arrest, even though the matter be found specially, or appear upon the face of the plaintiff's pleadings.   If the plaintiff sues separately, and the defendant fails to plead, the plaintiff may proceed and have his recovery for his aliquot interest in the property, and the defendant is confined to giving in evidence the joint interest of others, in mitigation of damages.   In our State, the plaintiff thus recovering a verdict in trover for damages, upon payment by the defendant of the verdict, he would become a tenant in common of the property, with the person jointly interested with the plaintiff.   Chancellor *Kent* thus briefly states the whole doctrine in *Wheelright vs. Depeyster*—" It appears to be settled in the books, that in actions of trover and trespass, the plaintiff may sue separately for his aliquot share or proportion of interest in a chattel, and that the defendant may give the joint interest of others in evidence, in mitigation of damages, but that he cannot avail himself of the omission of the plaintiff, to unite the other tenants in common with him in the suit, otherwise than by pleading it in abatement. He cannot take advantage of it on trial."   1 *John.* 486.   This is the doctrine which we hold, and which governs the first exception in this case.   2 *Vin.* 59. *pl.* 21, 25, 26, 27.   *Cro. Eliz.* 554.

Starnes and Paine *vs.* Quin.

*Latch*, 152, 153.   1 *Mod.* 102.   1 *Show*, 29.   2 *Lev.* 113.   *Skin.*
640.   1 *Salk.* 32.   2 *Stra.* 820.   5 *Bac. Abr.* 260, 261.   6 *T. R.*
766.   1 *Saund.* 29.   *G.*   7 *T. R.* 280.   5 *East*, 420.   1 *Bos. & Pull.*
70 *to* 75.   6 *Johns.* 108.   8 *John.* 151.   11 *Mass.* 419.   1 *Phil.*
*Ev.* 210.   1 *Wend.* 380, 386.   4 *C. & P.* 152.

[2.] And if in a several action, by one of two or more tenants
in common, there is no plea in abatement, the other tenants
may afterwards sue alone ; and in the latter suit, the defendant
cannot plead the non-joinder in abatement.   *Sedgworth vs. Over-*
*end*, 7 *T. R.* 279.

In the case at bar, as there was no plea in abatement, the de-
fendant was not entitled to avail himself of the non-joinder, upon
the trial, and the Court erred in instructing the Jury, that if they
believed from the evidence that the plaintiffs were tenants in com-
mon with another, they should find for the defendant.

[3.] Upon the second point.   It is true, generally, that an ac-
tion of trover does not lie in favor of one tenant in common
against his co-tenant, because the possession of one is the posses-
sion of all ; yet, it will lie, in case of the destruction or sale of the
property.   This has been decided several times by this Court.
See *Hall vs. Page*, 4 *Georgia R.* 434, '5.

[4.] According to this doctrine, trover would lie in favor of these
plaintiffs, against their co-tenant, for the sale of the negroes,
which they owned in common, to the defendant.   The suit is not,
however, against him, but against the purchaser from him, who
was in possession of the negroes.   Now, if there was, by that
sale, a tenancy in common created between the plaintiffs and the
defendant, the plaintiffs had no right to bring trover against him.
There is no evidence, in that event, that the case comes within
the exceptions to the rule, that one tenant in common cannot sue
another in trover.   The suit here, is brought against a stranger
to the original tenancy in common—a purchaser of the *whole*
*property* from one of the co-tenants.   One of the tenants in com-
mon may sell his *interest*, and thus the purchaser and the remain-
ing tenant become tenants in common, or it may be sold under ex-
ecution, and the same result will follow.   But one tenant in com-
mon cannot sell a *distinct portion* of the common property, much
less the whole, and convey a title to the purchaser.   They are
not like partners.   They each hold an *undivided several interest.*
Each has title to that undivided interest, and neither can convey

it to the prejudice of the other.   The grantor may himself be es-topped, perhaps, by such a sale, but it does not affect the rights of his co-tenant.   The defendant claims a title here, in himself alone.   That he could not acquire, but by a purchase from all the tenants in com-mon.   His title, as against the plaintiffs' title, is a nullity—nor does he stand in the relation, to them, of a tenant in common. Such we hold to be the law, arising on the facts of this case ; and the Court, therefore, erred in charging the Jury, that according to the law of the case, they might consider of the question, wheth-er the plaintiffs were tenants in common with the defendant, for such we consider to be the effect of the charge.   See *Hall vs. Page*, 4 *Ga. R.* 434, '5.   *Leonard vs. Scarborough and wife*, 2 *Kelly*, 73.   4 *Kent*, 368.   12 *Mass.* 348.   24 *Pick.* 329.   4 *Conn.* 495.   5 *Conn.* 363.   3 *Yerg.* 492.

Several interesting questions were made in the argument of this cause, which were not made or determined below.   The points now decided, are the only ones made on the record.   Jus-tice to the Court below, requires us to abstain from the decision of questions, upon which the presiding Judge gave no opinion, and the determination of which is not necessary to the case made by the record.

Let the judgment below be reversed.