JOHN J. MAY & another *vs.* WESTERN UNION TELEGRAPH
COMPANY.

Counts in tort and in contract may be joined when they are both for the same cause o
action.

Objection to the non-joinder of plaintiffs, in an action of tort, cannot be taken by de
murrer.

A demurrer to the "declaration and the several counts therein contained" is a demurre
to the several counts distributively, and not a general demurrer to the entire declaration.
and if good as to any count, will not be overruled as an entirety.

A count for a breach of contract alleged in substance that the defendant telegraph company,
in consideration that the plaintiffs would send certain goods to their partners in San
Francisco in behalf of the partnership, promised the plaintiffs that it was authorized by
their partners in San Francisco to send a message ordering the goods; that in pursu-
ance thereof the plaintiffs sent the goods to their partners in behalf of the partnership,
yet the defendants were not so authorized, and by the breach of such promise the plain-
tiffs were damaged. *Held*, that the partners in San Francisco were necessary partie
to the suit.

A count in tort alleged in substance that the defendant telegraph company falsely repre-
sented that it was authorized to deliver a message, and thereby caused the plaintiff to
send goods and suffer damage. *Held*, that it was not necessary to allege an intent to
deceive, or that the representation was false to the knowledge of the defendant, or that
the plaintiff used due care.

TORT with a count in contract, and an averment that the
counts were for the same cause of action.

The first count of the declaration set forth that the plaintiffs
" exercised at said Boston the trade of buying and selling hard-
ware and metals, and A. Judson Marsh, Charles J. Pilsbury and
the plaintiffs exercised the same trade in copartnership by the
name of Marsh, Pilsbury & Co., at San Francisco, in the State
of California, and that in the course of business of said partner-
ship the said Marsh & Pilsbury resided at said San Francisco
and when goods of the kinds aforesaid were required for sale in
said San Francisco, in the trade of said partnership, and said
Marsh & Pilsbury desired the plaintiffs to procure the same in
behalf of said partnership, and to send the same to said Marsh &
Pilsbury at said San Francisco, to meet the said demand and re-
quirement and for sale there as aforesaid, the said Marsh & Pils-
bury used to cause messages to be sent by telegraph to the plain-
tiffs requesting them to send the goods so desired, which message

and habit of said Marsh and Pilsbury were well known and understood by the plaintiffs; " that the defendant possessed a telegraph extending from San Francisco to Boston, and carried on the business of telegraphing and delivering messages ; that Marsh & Pilsbury telegraphed the plaintiffs to send 325 seamless brass tubes, " thereby meaning, in accordance with said course of business of said partnership, and as the plaintiffs well understood, that the said tubes were required for sale in said San Francisco in said trade there, and that they desired and requested the plaintiffs to procure the same in behalf of said partnership and send the same to said Marsh & Pilsbury at said San Francisco for the pur-poses aforesaid;" that the defendant delivered to the plaintiffs the message, and the plaintiffs procured and sent to Marsh & Pilsbury, " for the purposes aforesaid," the tubes, " which were there sold to the profit and advantage of the plaintiffs ; " that " after the sending of the message aforesaid, the defendant so negligently and improperly conducted itself in the use and management of its said telegraph, that by reason of the negligence and want of due care of the defendant and its servants in that behalf," five days afterwards another message was delivered by it to the plaintiffs, purporting to be another " message sent by telegraph by said Marsh & Pilsbury at said San Francisco to the plaintiffs at said Boston, whereby said Marsh & Pilsbury requested the plaintiffs to send 325 seamless brass tubes, by which last mentioned message the plaintiffs also understood, in accordance with said course of business of said partnership, that the said last mentioned tubes were required for sale in said San Francisco in said trade there, and that said Marsh & Pilsbury desired and requested the plaintiffs to procure the same in behalf of said partnership, and to send the same to said Marsh & Pilsbury at said San Francisco to meet said demand and requirement, and for sale as aforesaid;" that Marsh and Pilsbury did not send the last message, and the goods therein specified were not required for sale in said San Francisco ; that the plaintiffs being deceived by this last message, procured " in behalf of said partnership and sent to said Marsh & Pilsbury at said San Francisco, for the purposes aforesaid," 325 more seamless brass tubes, but Marsh & Pilsbury re-

fused to receive them. By means of "the committing of which grievances by the defendant as aforesaid," the plaintiffs incurred trouble and expense in procuring and sending the last mentioned tubes, "and were deprived of the profits and advantages which they would have otherwise have derived from the sale thereof."

The second count was like the first, except that it alleged that "the defendant, in consideration that the plaintiffs would procure and send to said Marsh & Pilsbury at said San Francisco, in behalf of said partnership, certain other 325 seamless brass tubes, promised the plaintiffs that it was authorized by said Marsh & Pilsbury to send and deliver to the plaintiffs at said Boston a certain other telegraphic message, purporting to be a message sent by said Marsh & Pilsbury at said San Francisco to the plaintiffs at said Boston, whereby they requested the plaintiffs to send the last mentioned 325 seamless brass tubes; that the plaintiffs, "confiding in said promise," sent the tubes. "Yet the defendant was not authorized as aforesaid." "By reason of the breach of which promise" the plaintiffs were damnified as in the first count.

The third count was like the first, except that it alleged that "the defendant falsely represented to the plaintiffs that it was authorized" to send the second message, whereas in fact it was not authorized, "and the plaintiffs, being deceived by said false representation," sent the tubes, and "by means of the committing of which last mentioned grievances" the plaintiffs suffered loss.

"To the plaintiffs' declaration, and the several counts therein contained," the defendant demurred, and assigned among other causes for demurrer, that counts in contract and in tort were improperly joined; that no legal cause of action, on any contract or for any tort, was properly set forth, and that Marsh & Pilsbury should have been joined as plaintiffs.

In the Superior Court, by consent of the parties, the questions of law arising on the demurrer were reported by *Pitman*, J., before verdict, for the determination of this court.

*G. S. Hale*, for the defendant.

*J. L. Thorndike*, for the plaintiff.

ENDICOTT, J. The plaintiffs have properly joined a count in contract with two counts in tort, alleging them to be for one and the same cause of action. It is therefore an action sounding in contract or tort, upon which a general verdict may be taken, unless the plaintiffs are, in the discretion of the court, compelled to elect upon which they will proceed. *Carlton* v. *Pierce,* 1 Allen, 26. *Sullivan* v. *Fitzgerald,* 12 Allen, 482. *Hulett* v. *Pixley,* 97 Mass. 29.

The first count alleges that by the negligent management of its telegraph the defendant delivered to the plaintiffs a message from their partners in San Francisco which was never sent, whereby the plaintiffs suffered damage.

The second count alleges that the defendant, in consideration that the plaintiffs would send certain goods to their partners in San Francisco in behalf of the partnership, promised the plaintiffs that it was authorized by their partners in San Francisco to send a message ordering the goods, and in pursuance thereof they sent the goods to their partners in behalf of the partnership; yet the defendant was not so authorized, and by the breach of such promise the plaintiffs were damaged.

The third count alleges that the defendant falsely represented that it was authorized to deliver the message, and caused the plaintiff to send the goods and suffer damage. The principal cause of demurrer argued by the defendant is the non-joinder of Marsh & Pilsbury, alleged by the plaintiffs in all the counts to be their partners in San Francisco, to whom the goods were sent.

The demurrer to the first and third counts must be overruled. It is well settled that one of two persons jointly injured may maintain an action of tort for the injury, unless the non-joinder is pleaded in abatement, and that the non-joinder cannot be properly before the court to defeat the plaintiffs' action by demurrer. *Thompson* v. *Hoskins,* 11 Mass. 419. *Putney* v. *Lapham,* 10 Cush. 232. *Phillips* v. *Cummings,* 11 Cush. 469. 1 Chit. Pl. (14th Am. ed.) 66.

But to the second count in contract the demurrer is well taken. It does not distinctly and clearly allege any contract with the plaintiffs separately from Marsh & Pilsbury, their partners in San

Francisco, for although it is stated that the defendant promised the plaintiffs that it was authorized to send the message, it is also alleged that the consideration was that the plaintiffs should send the goods in behalf of the partnership, and that they did so send them. Whatever was done by the plaintiffs and defendant under said alleged contract was done in behalf of the partnership, of which Marsh & Pilsbury of San Francisco were members. It is also clear from the allegations in this count, that any contract arising from the legal obligation of the defendant, by reason of receiving the message, was with the partnership including Marsh & Pilsbury as well as the plaintiffs. A statement by a person that he is authorized to do a certain act cannot be said to be a promise, and does not constitute a contract ; and it does not change the character of the act to call it a promise. It is merely a representation; there may be an action for the false representation, but not for a breach of the representation, as for a breach of a contract.

It was argued by the plaintiffs that as the demurrer is to the whole declaration, if one count is good the whole demurrer should be overruled, even though the others are defective. The demurrer, though inartificially drawn in this particular and confused and argumentative in form, not distinguishing in its recitals the non-joinder as a cause of demurrer to the different counts in terms, nevertheless does state in the outset, that it applies to the declaration and the several counts therein contained ; and further on states other causes of demurrer to the first and third counts " in addition to the foregoing." The demurrer, therefore, does substantially raise the question of non-joinder upon the counts specifically, and the case is to be distinguished from *Sears* v. *Trowbridge*, 15 Gray, 184, where the demurrer was only to the whole declaration. See *Brown* v. *Castles*, 11 Cush. 348.

Other causes of demurrer are assigned to the first and third counts, none of which we consider tenable.

In an action against a telegraph company for delivering a message never sent, and alleging that the defendant falsely represented that it was authorized to deliver such a message, and thereby caused the plaintiff to send goods and suffer damage, it is not necessary to allege that it was done with intent to deceive,

or that it was false within the knowledge of the defendant. It is not an action for deceit. It is an action in the nature of a false warranty against one acting as agent, who represents that he has authority when he has not. Whether such representation is made in terms, or tacitly and impliedly, he supposing but not knowing the fact to be true, he is liable to the person misled. *Jefts* v. *York*, 10 Cush. 392. *Bartlett* v.*Tucker*, 104 Mass. 336, and cases cited. Nor in such an action for false representations is it necessary for the plaintiffs to allege that they used due care and diligence to ascertain if the representations were true. Nor do any presumptions arise in this case from the subject matter of the alleged false representations that make such an allegation necessary. The case does not fall within the principle laid down in *Silver* v. *Frazier*, 3 Allen, 382, cited by the defendant. The demurrer is argumentative on this point, and presents some considerations proper to be urged at the trial upon the question whether the plaintiffs were or might have been misled by the representations, but they are not to be considered in this stage of the cause. This remark applies also to the objection that Marsh & Pilsbury had no right to refuse to receive the tubes sent to them, and therefore the plaintiffs received no damage by their refusal, and consequently cannot maintain this action.

Whether they had the right to refuse depends upon the relation of the parties in regard to this particular transaction, and bears on the question to what extent the plaintiffs were damaged by the acts of the defendant. These are matters of fact to be settled by evidence, and a declaration is not and should not be required to set them forth in detail and at such length that they can be determined on demurrer.

We think also that it is alleged in the first count, that by reason of the defendant's negligence, and in the third that by reason of its false representations, the second message received by the plaintiffs caused them to be misled and subjected them to damage. The extent of the damages is matter of proof.

Other causes of demurrer were assigned, but not being argued, we suppose them to have been waived.

> *Demurrer to second count sustained, to first and third over-*
> *ruled.*