HENRY C. FISH & another *vs.* GEORGE W. GATES.

Worcester.  Oct. 6. — 16, 1882.  ENDICOTT, LORD & C. ALLEN, JJ., absent.

If two persons, as copartners, make a special contract to do work for another, they must join as plaintiffs in an action for the money due thereunder, although the partnership is dissolved before the work is completed; and if the contract has been fully performed on their part, and nothing remains but a mere duty of the defendant to pay money, a count on an account annexed will lie.

CONTRACT by Henry C. Fish and Charles W. Stone, "formerly copartners as Henry C. Fish & Company," in three counts for work and labor. The first two counts were upon an account annexed, and the third count was upon a special contract. Writ dated May 31, 1881. Trial in the Superior Court, before *Knowlton,* J., who allowed a bill of exceptions, in substance as follows:

It was in evidence that the defendant made a special contract with the plaintiffs, who were then copartners, by which they were to do certain specified work, at a certain fixed price per set, upon fifty sets of table irons, which the defendant owned and was to deliver at their shop and take away again when the work was finished; and that the defendant delivered said irons at the plaintiffs' shop and took away and used twenty-five of them. The plaintiffs introduced evidence tending to show that said contract was fully performed; and the defendant introduced evidence tending to show the contrary.

The firm, consisting of the plaintiffs, was dissolved, by mutual consent, on April 14, 1881. The plaintiff Fish assumed all the claims and liabilities, and all responsibility for the unfinished business of the copartnership, and continued the business. But

very little of the work sued for had been done, and none of the sets of irons were completed, when the plaintiffs dissolved partnership; and the sets of irons were all completed and the work performed by a person in the employ of the firm until its dissolution, and afterwards in the employ and under the supervision of the plaintiff Fish alone.

Upon this evidence, the defendant asked the judge to rule that, if the partnership was dissolved on April 14, 1881, and none of this work was completed at that time, the plaintiffs could not recover on the first two counts in the declaration. But the judge declined so to rule.

The jury returned a verdict for the plaintiffs; and the defendant alleged exceptions.

*C. F. Stevens*, for the defendant.

*F. E. Barker*, for the plaintiffs, was not called upon.

MORTON, C. J. The defendant made a special contract with the plaintiffs as copartners to do work for him. In any suit to enforce this contract or any liability growing out of it, both partners must be joined as plaintiffs. The defendant contracted with them jointly, not with either of them separately. The dissolution of the partnership before the work was completed had no effect upon the rights or liability of the defendant. It did not authorize the plaintiffs to sever the contract and sue the defendant separately. They must still sue jointly. *Page* v. *Wolcott*, 15 Gray, 536. Having fully performed the contract on their part, so that nothing remains but a mere duty of the defendant to pay money, they may maintain either of the common counts which is appropriate. *Morse* v. *Sherman*, 106 Mass. 430.                               *Exceptions overruled.*