HENRY W. THOMAS *vs.* W. EDWARD BENSON & another.

Hampden. September 20, 1928. — October 8, 1928.

Present: RUGG, C.J., PIERCE, CARROLL, WAIT, & SANDERSON, JJ.

*Practice, Civil,* Parties. *Pleading, Civil,* Plea in abatement, Answer. *Partnership.*

A defence to an action of contract, that the contract relied on was not with the plaintiff alone but was with a partnership of which the plaintiff was a member, is open under an answer setting up merely a general denial; it is not necessary to raise it by a plea in abatement.

CONTRACT. Writ dated July 22, 1924.

In the Superior Court, the action was tried before *Burns,* J. Material evidence and exceptions saved by the defendant are stated in the opinion. There was a verdict for the plaintiff in the sum of $6,850.13. The defendants alleged exceptions.

*W. A. Davenport,* for the defendants, submitted a brief.

*A. H. Tavernier,* for the plaintiff.

SANDERSON, J. This is an action to recover a commission for procuring customers who took certain real estate in Westfield in exchange for real estate in the State of Connecticut. The answer was a general denial. The jury found for the plaintiff.

The evidence presented a disputed question of fact —
whether the commission claimed was due the plaintiff or a
partnership of which the plaintiff was a member.   The plain-
tiff contended that the nonjoinder of a plaintiff could be
raised only by plea in abatement.   The defendant excepted
to the part of the charge in which the jury were instructed
that that defence could be raised only by plea in abatement
and to the judge's refusal to rule that if the plaintiff and one
Meyer were in general partnership in the real estate business
during the period in question no recovery could be had.

The general denial put in issue the allegations that, in the
first count, the plaintiff was employed by the defendants and,
in the second count, the defendants owed him the commis-
sion.   These were essential parts of the contract.   The
contention that they were not maintained went to the cause
of action, not to the form of the writ.   *White* v. *E. T. Slattery
Co.* 236 Mass. 28, 30.   In an action of contract all joint
contracting parties must join in an action for its breach.
If the partnership existed, the defendants' contract was with
them jointly and not with either separately.   *Fish* v. *Gates,*
133 Mass. 441, 442.   Nonjoinder of a defendant in an
action of contract can be raised only by plea in abatement.
*Leonard* v. *Speidel,* 104 Mass. 356, 359.   The court said, in
*Wilson* v. *Nevers,* 20 Pick. 20, 22: "in the earlier reported
cases the want of proper parties as defendants was held a
good defence under the general issue, upon the ground of
variance between the promise described in the declaration,
and the proof offered in the case.   But as such defence was
founded on matters more particularly within the knowledge
of the defendant, and as in all joint contracts each one is
liable to the plaintiff to the whole amount, whether the ac-
tion be against him alone, or jointly with his co-promisors,
with a view to avoid the evils that would result from repeated
nonsuits on the same cause of action the rule was established,
that the omission to include all the promisors was a defect
in form merely, and could be taken advantage of only by plea
in abatement."

The reasons stated for establishing this rule as to defend-
ants are not applicable in case of nonjoinder of plaintiffs in

actions of contract, and no such change as to plaintiffs seems to have been made. The court said in *Baker* v. *Jewell*, 6 Mass. 460, 462, in an opinion by Parsons, C.J., "the want of the proper plaintiffs in actions on contract, is an exception to the merits, and is to be taken advantage of, either on demurrer, in bar, or on the general issue, but not by plea in abatement." Furthermore if a defendant settles with or takes judgment against one of two joint contracting parties he severs the contract so that he may be liable in an action by the other alone. *Baker* v. *Jewell, supra. Boston & Maine Railroad* v. *Portland, Saco & Portsmouth Railroad,* 119 Mass. 498, 499.

The judge erred in ruling that nonjoinder of a plaintiff in an action of contract can be taken advantage of only by plea in abatement, and in refusing to submit to the jury the question whether the defendants' contract was with a partnership.

*Exceptions sustained.*