SARA SHAPIRA *vs.* JACOB BUDISH & others.

Suffolk.   February 4, 1935. — March 27, 1935.

Present: RUGG, C.J., PIERCE, FIELD, DONAHUE, & QUA, JJ.

*Equity Pleading and Practice*, Parties; Master: findings. *Assignment. Contract*, Performance and breach. *Fraud.*

On the record, a finding by a master in a suit in equity that the plaintiff had assigned his claim against the defendant must be construed to mean that the assignment covered only the claim of the plaintiff set forth in the pleadings before the master at the time when he heard the suit, not all claims of the plaintiff against the defendant nor a claim first raised in the suit by an amendment to the bill long after the filing of the master's report; and therefore the assignee was not entitled to prosecute the claim set forth in the amended bill.

A claim of a plaintiff for breach of an alleged contract between him as an individual and the defendant was not the same as a claim that the defendant had committed a fraud upon the plaintiff by applying, without his knowledge, the amount of an indebtedness of the defendant to the plaintiff and another as partners as a set-off against a debt owed to the defendant by the plaintiff's partner individually, in order that that partner might receive for himself alone the benefit of a partnership asset.

BILL IN EQUITY, filed in the Superior Court on March 10, 1921.

Proceedings in the suit are described in the opinion. The final decree dismissing the bill was entered by order of *Gray*, J.

In the "Plaintiff's Motion to Amend Record," presented to this court, were allegations to the effect that the claim of Barish was assigned to Shapira, that Shapira was "entitled to prosecute said proceedings in the name of" Barish, and that an order was entered admitting Shapira to prosecute the suit; and the following: "That since the entry of said order, the title of said proceedings has been referred to as 'Sara Shapira, as amended, vs. Jacob Budish, et als,' and that said Sara Shapira has been referred to in certain pleadings filed by the plaintiff in said cause since the date of said order as 'substitute plaintiff' . . . . That no order or decree has in fact been entered, substituting or permitting the substitution of said Sara Shapira as plaintiff, or changing or amending the title of said proceedings; that the use in said pleadings of the words 'substitute plaintiff' and said change in reference to the title of said proceedings are erroneous, in that they do not adequately or properly indicate the capacity in which said Sara Shapira, as authorized by said order, took part in said proceedings, and in that, they are merely unwarranted and erroneous informalities which should not, in justice and in equity, be permitted to affect recovery against the defendants on the substantive rights assigned by said William Barish. Wherefore the plaintiff moves that the word 'substitute,' preceding the word 'plaintiff,' wherever the same occurs in said pleadings heretofore filed by the plaintiff, be stricken therefrom, and that the title of these proceedings be restored to read, 'William Barish vs. Jacob Budish, Louis Kaplan and Harry Payne.'"

*M. M. Horblit,* (*S. H. Kalish & H. Leventhal* with him,) for the plaintiff.

*A. M. Hillman,* for the defendants.

QUA, J. This suit was originally brought in 1921 by William Barish to recover for breach of a contract alleged to have been made between himself as an individual and

the defendants. By amendment to the bill made in 1929 the present plaintiff, Shapira, claiming to be the assignee of Barish's cause of action through a mesne assignment to one Wintman, was admitted to prosecute the suit. Upon hearing before a master, it was found that the defendants had contracted with Barish and one Louis Budish as partners and not with Barish as an individual. It was held by this court when the case was here before that Barish could not maintain an individual suit on a partnership contract, that "the assignment to Shapira carried only the assignor's interest in the suit" and that Shapira could not maintain the bill. *Shapira* v. *Budish*, 275 Mass. 120, 126.

After rescript from this court, the Superior Court, on motion of Shapira, allowed an amendment to the bill of complaint whereby all allegations under which the plaintiff sought to recover against the defendants for breach of contract were struck out and new allegations were inserted to the effect that the defendants, being indebted to Barish and Louis Budish as partners, had committed a fraud upon Barish by applying without his knowledge what they owed to the partnership as a set-off against a debt due to the defendants from Louis Budish individually, in order that Louis Budish might receive for himself alone the benefit of a partnership asset which belonged to both partners.

After hearing, the Superior Court has dismissed the bill on the ground that it does not appear that the claim now prosecuted was ever assigned to Shapira, the present plaintiff. The plaintiff appeals. There is also attached to the printed record a copy of an appeal filed by the defendants from the interlocutory decree allowing the amendment, but this appeal is not properly before us, as the defendants have failed to take the necessary steps to bring it here. See G. L. (Ter. Ed.) c. 231, § 135.

The ruling of the trial judge was right. The master found that Barish assigned to Wintman "all of his right, title, and interest in the claim against the defendants." That assignment has been "mislaid." There is no other finding as to its contents or wording. The words of the master must be construed with reference to the case then

before him. That case was a suit to recover for breach of an alleged contract between Barish and the defendants. In his report, immediately preceding his finding as to the assignment, the master summarizes the pleadings. The cause of action therein described was "the claim" which the master found was assigned. A claim by a party to recover damages for breach of contract is not the same as a claim that he has been deprived of the benefit of the contract by fraud. See *Clark* v. *New England Telephone & Telegraph Co.* 229 Mass. 1, 6. So far as appears, the claim of fraud had not been heard of in the case until nearly a year after the master's finding. The finding cannot be extended so as to include all claims of Barish against the defendants or any other claim than the one which the master must have had in mind.

It is not necessary to consider whether in any event the claim for fraud was one which could be assigned (see *United Zinc Co.* v. *Harwood*, 216 Mass. 474, 479) or any of the other questions which have been argued.

The motion presented to us by the plaintiff entitled "Plaintiff's Motion to Amend Record" is denied.

*Decree affirmed with costs.*