*Municipal Court of the City of Boston*
No. 100511
**BERNARD G. BERKMAN, d/b/a**
**1455 BEACON STREET REALTY**
v.
**STUART R. ROSS**
(June 26—June 29, 1964)

*Present*: Adlow, C. J., Lewiton & Morrissey, JJ.

Case tried to *Gorrasi, Sp. J.*

*Per curiam*:

This action of contract was based upon a lease executed by two partners as lessors and the defendant as lessee. The action was brought in the name of one of the lessors.

The trial judge denied a requested ruling to the effect that there must be a finding for the defendant because of the non-joinder of both lessors as parties plaintiff. This ruling was erroneous. *Thomas v. Benson*, 264 Mass. 555.

*It is ordered that the finding for the plaintiff be vacated and a finding and judgment entered for the defendant.*

George Bromfield, of Boston, for the Defendant cited:

*Craig v. Warner*, 216 Mass. 386, 393:

"A partnership having been formed, either party could bind the other when acting in furtherance

of the common enterprise and in the course of business . . . "

*Britton v. Goodman,* 235 Mass. 471, 475:

"A contract by co-partners within the scope of the firm's interests or business binds all and each of them."

*Bakery & Confectionery Workers v. Hall Baking Co.,* 320 Mass. 286, 292:

"It is common in the law for individuals to be bound contractually though not named but merely described by the use of a trade or partnership or association name, or otherwise."

*Thomas v. Benson,* 264 Mass. 555, 556:

"In an action of contract all joint contracting parties must join in an action for its breach. If the partnership existed, the defendant's contract was with them jointly and not with either separately."

(p. 557):

" . . . the want of the proper plaintiffs in actions on contract, is an exception to the merits . . . "

" . . . if a defendant settles with or takes judgment against one of two joint contracting parties he severs the contract so that he may be liable in an action by the other alone."

## (I)  Plaintiffs
### (A)  Contracts

Joint contractors, such as partners, joint owners, joint tenants, tenants in common, executors and assignees, should all be named as plaintiffs in order to maintain actions or suits on joint obligations and debts. *Holton v. Amer. Pastry Products,* 274 Mass. 268; *Shapira v. Budish,* 290 Mass. 265; *Phillips v. Cummings,* 11 Cush. 469, 470.

In *Halliday v. Doggett,* 6 Pick. 359, a suit to recover the price of goods sold by a partnership in Scotland through a commission merchant in Boston, the court, *under the general issue,* ordered a nonsuit on account of the non-joinder of the other owners of the goods, observing that the action should have been in the names of all the owners, or that of the agent who made the contract.

In *Cushing v. Marston,* 12 Cush. 431, the court said, page 432:

> "The contract of the defendant for board was made with the partners, who kept the lodging house jointly; the payment for it was therefore a debt owed to both jointly. The action, therefore, could not, by law, be brought and maintained by one only."

In *Fish v. Gates,* 133 Mass. 441, the court said, page 442:

> "The defendant made a special contract with the plaintiffs as co-partners to do work for him. In any suit to enforce this contract or any liability growing out of it, both partners must be joined as plaintiffs. The defendant contracted with them jointly, not with either of them separately. The dissolution of the partnership before the work

was completed had no effect upon the rights or liability of the defendant. It did not authorize the plaintiffs to sever the contract and sue the defendant separately. They must still sue jointly." *Page v. Wolcott,* 15 Gray, 536.

Non-joinder of plaintiffs may be set up *under the general issue,* by plea in bar, as well as in abatement. *Raymond v. Phipps,* 215 Mass. 559, 569; *Cushing v. Marston,* 12 Cush. 431; *Gage v. Rollins,* 10 Met. 348; *Hughes v. Bayley,* 20 Pick. 96; *Halliday v. Doggett,* 6 Pick. 359.

As was said in *Thomas v. Benson,* 264 Mass. 555, 556:

"The general denial put in issue the allegations that, in the first count, the plaintiff was employed by the defendants and, in the second count, the defendants owed him the commission. These were essential parts of the contract. The contention that they were not maintained went to the cause of action, not to the form of the writ.

"In an action of contract all joint contracting parties must join in an action for its breach. If the partnership existed, the defendants' contract was with them jointly and not with either separately."

In *Baker v. Jewell,* 6 Mass. 460, Chief Justice Parsons said, page 462:

" . . . . the want of the proper plaintiffs in actions on contract, is an exception to the merits, and is to be taken advantage of, either on demurrer, in bar, or on the general issue, but not by plea in abatement."

Furthermore if a defendant settles with or takes judgment against one of two contracting parties he severs the contract so that he may be liable in

an action by the other alone. *Thomas v. Benson*, 264 Mass. 555, 557; *B & M RR. v. Portland etc. RR.*, 119 Mass. 498, 499; *Baker v. Jewell*, 6 Mass. 460, 462.

### (B) Replevin

Joint ownership of the plaintiff and another in replevin may be pleaded in bar, and need not necessarily be set up in abatement. *Bray v. Raymond*, 166 Mass. 146, 150; *Corcoran v. White*, 146 Mass. 329; *Fay v. Duggan*, 135 Mass. 242, 243; *Hackett v. Potter*, 131 Mass. 50; *Hart v. Fitzgerald*, 2 Mass. 509.

### (C) Torts

In actions of *tort* the defendant must plead in abatement the non-joinder of those whom he contends should have been joined as plaintiffs, and cannot rely on this defence in bar of the action. *Thomson v. Pentecost*, 210 Mass. 223, 226; *Russell v. Cole*, 167 Mass. 6; *May v. Western Union Co.*, 112 Mass. 90; *Bullock v. Hayward*, 10 Allen 460, 462; *Sherman v. F. R. Iron Works Co.*, 2 Allen 524; S. C. 5 Allen 213; *Putney v. Lapham*, 10 Cush. 232; *Call v. Buttrick*, 4 Cush. 345, 350; *Thompson v. Hoskins*, 11 Mass. 419.

In an action of tort, one of two persons jointly injured may alone maintain an action for the injury, unless the non-joinder of the other is pleaded in abatement; and it was said that, "under the general issue, evidence of such non-joinder will not defeat the action, but will merely restrict the plaintiff to a recovery of a moiety of the damage." *Putney v. Lapham*, 10 Cush. 232, 234. *See*: *Meaney v. Kehoe*, 181 Mass. 424; *Webster v. Vandeventer*, 6 Gray 428, 431.

One of two persons jointly injured may maintain an action in tort for the injury, unless the non-joinder is pleaded in abatement and the non-joinder cannot be properly before the court to defeat the plaintiff's action by demurrer. *May v. Western Union*, 112 Mass. 90, 93; *Phillips v. Cummings*, 11 Cush. 469; *Putney v. Lapham*, 10 Cush. 232; *Thompson v. Hoskins*, 11 Mass. 419.

In *Phillips v. Cummings*, 11 Cush. 469, the court said:

> "The rule is fully and clearly established that in actions of tort, such as *quare clausum*, or trover for taking goods, case for malfeasance, misfeasance, or nonfeasance, and the like, if one only of two or more joint tenants, tenants in common, executors, assignees, and others who ought regularly to join, bring any such actions, the defendant must plead the non-joinder in abatement, and cannot rely upon it to defeat the action under the general issue or avail himself of it by that purpose by plea in bar, arrest of judgment or otherwise."

But even though the defendant does not set up the fact of non-joinder, a plaintiff who should have others join with him, cannot collect the full damage for the tort. His recovery can be his for his proportionate share alone and such limitation of damage may be shown under the general issue. *Sherman v. F. R. Iron Works Co.*, 5 Allen 213; *Putney v. Lapham*, 10 Cush. 232; *Call v. Buttrick*, 4 Cush. 345, 350; *Thompson v. Hoskins*, 11 Mass. 419.

Under G. L. c. 231, §51, an amendment may be allowed at any time before judgment, permitting the plaintiff to add a necessary co-plaintiff in order

to cure the defect caused by the non-joinder. *Richardson v. Bartlett*, 223 Mass. 454; *Fay v. Duggan*, 135 Mass. 242.

## (II)   Defendants
### (A)   Contracts

Non-joinder of a defendant in an action of contract can be raised only by answer or plea in abatement. *Thomas v. Benson*, 264 Mass. 555, 556; *Leonard v. Speidel*, 104 Mass. 356, 359.

It is not a matter which can be shown under the general issue or pleaded in bar. *Feigenspan v. Mc-Donnell*, 201 Mass. 341, 345; *Kendall v. Weaver*, 1 Allen 277; *Elder v. Thompson*, 13 Gray 91; *Shelton v. Banks*, 10 Gray 401; *Scott v. Shears*, 9 Cush. 504; *Bliss v. Bliss*, 12 Met. 266; *Wilson v. Nevers*, 20 Pick. 20; *Holmes v. Marden*, 12 Pick. 169.

In *Wilson v. Nevers*, 20 Pick. 20, it is said, page 22:

"In the earlier reported cases the want of proper parties as defendants was held a good defense under the general issue, upon the ground of variance between the promise described in the declaration, and the proof offered in the case. But as such defense was bound on matters more particularly within the knowledge of the defendant, and as in all joint contracts each one is liable to the plaintiff for the whole amount, whether the action be against him alone, or jointly with his co-promisors, with a view to avoid the evils that would result from repeated non-suits on the same cause of action the rule was established, that the omission to include all the promisors was a defect in form merely, *and could be taken advantage of only by plea in abatement.*"

*First National Bank v. Swift,* 258 Mass. 573, 578 (Non-joinder of defendant waived when not seasonably pleaded in abatement in action on joint note).

The reasons stated for establishing this rule as to defendants are not applicable in case of non-joinder of plaintiffs in actions of contract, and no such change as to plaintiffs seems to have been made. *Thomas v. Benson,* 264 Mass. 555, 556, 557.

In an action of contract against two defendants jointly, if the declaration is amended by striking out the name of one of the defendants and the trial proceeds against the other, and there is evidence of a joint promise made to the plaintiff by the two original defendants, a verdict for the plaintiff will be sustained, as the remaining defendant could take advantage of the non-joinder of the other only by plea in abatement. *Townsend v. Wheatland,* 186 Mass. 343 and cc.

For example, if one joint contractor is sued alone, and does not plead in abatement the non-joinder of the other, and judgment is rendered against the one sued, it merges the cause of action against him and (unless otherwise provided by statute, as the two are no longer jointly liable,) prevents a subsequent recovery against the other joint contractor. *Cowley v. Patch,* 120 Mass. 137, 138. *See: Lee v. Blodget,* 214 Mass. 374, 377.

### (B) Torts

Non-joinder of defendants cannot arise in actions of tort. This result follows from the liability of joint tortfeasors being individual and collective, joint and several. *Wheeler v. Worcester,* 10 Allen 601; *Milford v. Holbrook,* 9 Allen 17, 23; *Buddington v. Shearer,* 22 Pick. 427.

In *Proctor v. Dillon*, 235 Mass. 538, the court said, page 549:

"It is a general and familiar principle of the common law that in cases of tort, where two or more are liable for the same cause of action, they are liable severally as well as jointly, and if one is sued alone the entire damages may be recovered against him."

*Old Dom. v. Bigelow*, 203 Mass. 159, 216, 217; *Corey v. Havener*, 182 Mass. 250; *Boston & Albany RR. v. Shanly*, 107 Mass. 568, 579; *Buddington v. Shearer*, 22 Pick. 427, 429.