47356. MAR-VEL, INC. et al. v. COUNTS et al.

BELL, Chief Judge. Plaintiffs, co-executors under the will of Katherine O. Counts, sued the defendants, Marvin R. Counts and Mar-Vel, Inc., in the State Court of DeKalb County. The complaint alleged that the plaintiffs' decedent was a co-tenant with the defendant Counts in a one-half undivided interest in the assets of a business known as Counts One-Hour Martinizing. A schedule of the assets (items of equipment) was attached to the complaint. The complaint alleged that defendant Counts, who had sole possession of the assets, sold them to the defendant Mar-Vel, Inc.; that the assets had a value exceeding $42,199.11; that the defendants refused to recognize the right and title of the plaintiffs' decedent in the assets and refused to account for the "profits" from them. Judgment was alternatively demanded in the sum of $25,319.55 or return of the property to the plaintiffs and the plaintiffs have judgment against the defendants for the "profits" wrongfully withheld. The defendants' answer denied all the material allegations of the complaint except that it admitted that the assets had a value exceeding $42,199.11. The defendants' motion to dismiss the complaint on the ground that it asked for an accounting between partners, a matter solely within the jurisdiction of a court of equity, was denied. A jury verdict was returned in favor of the plaintiffs for $12,500. *Held:*

1. Plaintiffs alleged a tenancy in common with defendant Counts, who sold the whole property to a stranger, the defendant Mar-Vel. One co-tenant may sue another co-tenant in trover where the property has been destroyed or sold and may maintain it against a stranger where one co-tenant sells the whole to the stranger. *Starnes v. Quin,* 6 Ga. 84. There is no allegation in the complaint or evidence to support a finding that a partnership existed between the plaintiffs' decedent and the defendants; nor is there any demand for any equitable relief. From all that can be discerned from the pleadings and the evi-

dence this is simply an action in trover, a matter within the jurisdiction of the trial court. It was not error to deny the motion to dismiss for lack of jurisdiction over the subject matter.

2. The defendants admitted in their answer the plaintiffs' allegation as to the value of the assets. At trial no evidence as to value was offered. The plaintiffs elected to take a money verdict and the jury returned a verdict in an amount less than one-half of the admitted value of the assets. "Without offering the same in evidence, either party may avail himself of allegations or admissions made in the pleadings of the other." *Code* § 38-402: As the verdict was for far less than one-half the value of the assets as admitted by the defendants, it was authorized.

*Judgment affirmed. Evans and Stolz, JJ., concur.*
SUBMITTED SEPTEMBER 5, 1972—DECIDED NOVEMBER 28, 1972.

*Stanley H. Nylen,* for appellants.
*McClain, Mellen, Bowling & Hickman, A. O. Bracey, III, Michael T. Turner,* for appellees.